PEOPLE OF THE STATE OF NEW YORK ex rel. DANA WALLACE,
District Attorney of Queens County, Relator, *v.* JOHN M. CRAGEN,
and Others, Defendants.

Supreme Court, Queens County, November, 1922.

**Intoxicating liquors — replevin cannot be maintained to recover liquors
from police department during the pendency of proceedings under the
Penal Law — writ of prohibition against Municipal Court granted.**

Upon the return of an order to show cause in a proceeding *in rem* against liquors
seized by a peace officer without a warrant and taken by him from the possession
of the defendant, the return filed by the officer in the County Court of Queens
county stated that the ground of the seizure was the unlawful possession by
defendant of said liquors " to be used for beverage purposes and for non-beverage
purposes without a permit therefor * * * and without such permit having
been registered as provided in article 113 of the Penal Law." The defendant
interposed no answer but submitted an affidavit stating that he possessed a
permit issued to him under the National Prohibition Act, permitting him to
keep intoxicating liquors for sale. Said permit not having been registered, a
condition essential to give it vitality, it could not be made to appear that
defendant had fulfilled all the requirements of sections 1212 and 1215 of the
Penal Law, to place him among those who would be justified in the possession
of the liquor. *Held*, that while the statutory proceeding was pending and
undetermined in a court of admitted jurisdiction, an action in replevin to
recover possession of the liquor was not within the jurisdiction of the Municipal
Court of the city of New York but was in complete antagonism to the provisions
of section 802-b(3) of the Code of Criminal Procedure.

An application by the district attorney for a writ of prohibition directed to a
justice of said court prohibiting him from hearing an action to recover the
liquor taken from the possession of the defendant, will be granted.

The possession of the liquor in question by the defendant was illegal and the
seizure thereof by the peace officer was *prima facie* legal.

APPLICATION for writ of prohibition.

*Dana Wallace,* district attorney, for the People of the State of
New York.

*John P. O'Brien,* corporation counsel (*Rollin H. Reid,* of counsel),
for defendant John M. Cragen.

*William P. Wiener (Ben Weichselbaum,* of counsel), for defendant
Louis Weiss.

DIKE, J. The application here is for a writ of prohibition to
prohibit a justice of the Municipal Court of the city of New York
from hearing an action in replevin to recover intoxicating liquor
taken from the possession of one Louis Weiss, of the value of not
more than $1,000. It appears that the liquor in question was

seized by a peace officer, without a warrant, on August 21, 1922. It appears that the liquor was taken from the possession of Louis Weiss and from his drug store and thereafter the officer filed his return in the County Court of Queens county on August twenty-fourth, therein stating that the ground of the seizure was the unlawful possession by said Weiss of said liquors " to be used for beverage purposes and for non-beverage purposes without a permit therefor * * * and without such permit having been registered as provided in article 113 of the Penal Law." The liquors are now in the possession of the property clerk of the police department. On September 11, 1922, the judge of the County Court duly issued an order to show cause, returnable September 30, 1922, in a proceeding *in rem* against the liquors, service being made on Weiss on September fifteenth. There was a subsequent adjournment to October twenty-eighth. Prior to the return day, September thirtieth, Weiss commenced an action in replevin in the Municipal Court of the city of New York, in the proper district in Queens county, to recover the liquors. This action is still pending and has been set down for trial. The proceeding *in rem* in the County Court is still pending. No answer appears in the papers, as is permitted by section 802-b, subdivision 2, of the Code of Criminal Procedure, but an affidavit, verified October 30, 1922, has been submitted, on behalf of Weiss, wherein he alleges that in February, 1922, a permit was issued to him, under the National Prohibition Act, permitting him to keep intoxicating liquors for sale. It is claimed on behalf of Weiss that section 6, subdivision 2, of the Municipal Court Code confers jurisdiction in actions in replevin on the Municipal Court of the city of New York where the chattel is of the value of not more than $1,000, but the district attorney urges that said court has been divested of jurisdiction in all actions to recover intoxicating liquor by section 802-b of the Code of Criminal Procedure. Subdivision 3, section 802-b of the Code of Criminal Procedure is as follows: " Intoxicating liquor seized as hereinbefore provided, and the vessels seized containing the same and any property designed for the manufacture of such liquor shall not be taken from the custody of the peace officer making seizure by a writ of replevin or other process, while the proceeding or trial is pending." It is claimed on behalf of Weiss that this does not apply to his case, which was a seizure, without a warrant, of liquor held under a permit, and that, therefore, subdivision 3 does not preclude the replevin action in the Municipal Court.

It seems to me that the legislature was trying by this law to cover every possible contingency, and Weiss, in order to prevail, must

clearly place himself without the operation of this section. Has he done so? Does he come before the court, upon the papers now presented, in such a position as to relieve himself from the rules and obligations of this section? I am inclined to think that he does not. Section 802-b, subdivision 6, provides for the case of a seizure made without a warrant, that then " the provisions of this section relating to proceedings for seizure pursuant to a warrant shall apply    *    *    *." It seems to me that the provision in subdivision 6, as it relates to liquor seized without a warrant, is in exactly the same category as liquor seized under a warrant, and it seems to me this conclusion would be in accordance with the views of the justice writing the opinion in *People ex rel. Wallace* v. *Christmann,* 117 Misc. Rep. 528. But especially do I feel that the position of Weiss is not such as to entitle him to the relief, because, from the papers before me, wherein it is urged on his behalf that inasmuch as he possessed a permit from the federal government that the liquor was, therefore, legally possessed, yet it does not appear that he has fulfilled all of the requirements under sections 1212 and 1215 of the Penal Law, to place him among those who would be justified in the possession of the liquor. Section 1212, subdivision 2, is as follows: " Any person who barters,    *    *    *    or possesses any intoxicating liquor to be used for beverage purposes,    *    *    *    unless he shall be the holder of a permit therefor from the proper federal authorities *and shall have registered such permit as provided in this article, shall be punishable,"* etc. Section 1215 provides for the exhibiting of said permit to certain officials. I have the affidavit of Weiss only, as no answer evidently was interposed, and that affidavit is devoid of any allegations that would bring him within the purview of these sections. Therefore, the question is not whether the Municipal Court may entertain jurisdiction, but whether, by virtue of its general jurisdiction, it may entertain a replevin action for the seized liquor when the statutory proceeding is actually pending and undetermined in a court of admitted jurisdiction. I think this query must be answered in the negative. The court in which the proceeding *in rem* is pending — here the County Court — has power to determine every issue with respect to the ownership, right to possession, lawfulness of such possession and the legality or otherwise of the seizure. The replevin action in the Municipal Court is, therefore, it seems to me, in complete antagonism to the provisions of section 802-b, subdivision 3. In the *Christmann Case, supra,* the seizure of the liquor in question was concededly illegal. The *Christmann* case is urged upon the attention of the court by the plaintiff Weiss as a controlling authority to support his view of the case, that the Municipal Court has juris-

diction, but, as I read it, it in effect amply supports the position of the relator here and justifies the granting of the writ by this court. In the instant case, as I have pointed out, the permit to possess the liquor was not registered and that was a condition essential to give it vitality. If my conclusions upon this situation are correct then the possession of the liquor in question by Weiss was illegal and being illegal the seizure by the peace officer thereof was *prima facie* legal. In the *Christmann* case the *unlawfulness* of the seizure of the liquor was the determining factor, whereas in the instant case it is the lawfulness of the seizure, which indicates the distinction in the two situations. Indeed, Mr. Justice Cropsey writing in the *Christmann* case said: " If the seizure of the liquor had been made as provided by the statute in question, although without a warrant, I should have no hesitancy in holding that the replevin action could not be maintained pending the disposition of the proceeding *in rem.* But the seizure was concededly without right." The statute that we are now construing was passed by the legislature of the state of New York in 1921. It is only fair to regard this law as intended to provide by its provisions in the Code of Criminal Procedure (§ 802-b *et seq.*) every anticipated means and method of procedure requisite to cover the problems arising in the enforcement of the Liquor Law and to support by this legislation the federal government in its laws against the possessing of liquor under certain conditions. It seems to me these sections should be predominant and paramount on these liquor questions. The *Christmann* case is exactly in point as to the County Court being vested with the power to determine the question such as arises in the instant case. The *return* of the peace officer becomes a *complaint* and by making such return to the County Court, which is the proper forum, these questions can be properly submitted to the court which in my reading of the statutes is the proper court for such determination.

The case of *People v. Diamond,* 233 N. Y. 130, which is an authority against the contention of the plaintiff Weiss as to the delay of the authorities, also seems to me as an authority which supports the urge of the argument in favor of adhering to the provisions of the sections under discussion here in these liquor cases (p. 136): " The proceedings when seizure is made without a warrant should be harmonized so far as possible with proceedings when seizure is made with a warrant. It becomes the duty of the court to apply as far as practicable the provisions of the section relating to proceedings for seizure pursuant to a warrant. They may not be applied literally, but they may be applied practically. * * * When the seizure is made without a warrant the return shall be

deemed to be the complaint. The judicial function is set in motion by the complaint or by the return as its equivalent."

For the above reasons, the writ asked for is granted.

Ordered accordingly.