ELIZABETH COLER, Appellant, *v.* ANNIE JUDD, Respondent.

County Court, Rockland County, November 22, 1924.

Replevin — judgment in Justice's Court dismissing plaintiff's complaint, in action for replevin, reversed and cause sent back for new trial upon agreement of parties — complaint states cause of action though there has been no seizure of chattels.

A judgment dismissing plaintiff's complaint, in an action for replevin in a Justice's Court, will be reversed and a new trial directed, where both parties, disregarding a notice of appeal, acquiesced as to another trial.

An action in replevin may be maintained, without a seizure of the chattels, merely by serving a summons and complaint; therefore, plaintiff's complaint, upon examination, states a cause of action, though there was no summary proceeding to replevy the chattels.

APPEAL from a judgment, entered in a Justice's Court for the town of Orangetown.

*Voss & Teale* [*Alton W. Teale* of counsel], for the appellant.

*John F. McFarlane*, for the respondent.

PATTERSON, J.:

Regardless of what the notice of appeal demanded, the appellant now requests a new trial in the Justice's Court, and the respondent agrees to the same.

It seems as though, upon the trial of the action, the complaint was dismissed, upon the opening of the plaintiff's case, upon counsel's statement that it was an action in replevin, whereupon the record shows the defendant moved to dismiss the complaint, as there had been nothing replevied. Upon the argument before me the defendant stated that the plaintiff had agreed to this, and indeed urged that the complaint be dismissed if the justice held that the action was not one in replevin.

There is really nothing for me to decide. Both parties agree to a new trial before another justice, so I shall follow their desires and reverse the judgment and send it back for a new trial before Justice BAUER, to be tried at ten o'clock A. M. on the 28th day

of November, 1924, at his court house in the town of Orangetown or at such other time as the justice may then direct.

The plaintiff did request that I decide what is now but an academic question, namely, whether the complaint does state an action in replevin, or not. It seems quite gratuitous to do so, but I do find that the complaint states an action in replevin. I do this on the authority of *Wagman* v. *Raynor* (163 App. Div. 68). I think it is well settled that an action in replevin may be maintained without a seizure of the chattels and by merely serving a summons and complaint. A summary proceeding to replevy is a concurrent remedy which the plaintiff may avail himself of or not, as he elects.

The appellant cites a number of cases to sustain this and nothing to the contrary has been called to my attention.

Judgment of reversal ordered as above, without costs.