TRIANGLE MINT CORPORATION, Plaintiff, *v.* THOMAS HORGAN, as Property Clerk of the Police Department of the City of New York, Defendant.

Municipal Court of New York, Borough of Brooklyn, First District, March 28, 1929.

*Abraham R. Katzman,* for the plaintiff.

*George P. Nicholson, Corporation Counsel,* for the defendant.

BOGENSHUTZ, J.   On December 26, 1928, a writ of replevin was issued out of this court in an action by plaintiff, alleged owner of thirty-two machines, designated as automatic vending machines, against defendant, as property clerk of the police department of the city of New York.

The status of the defendant should be noted at the outset.   It arises by appointment from the police commissioner of the city (Greater N. Y. Charter, § 331, as amd. by Laws of 1917, chap. 400) and in his representative capacity is charged with the duty of being custodian (pending prosecution of criminal charges) of property seized by the police in discharge of the duty to prevent crime, including property taken from, or with offenders of the statutes against gambling.   (Greater N. Y. Charter, § 315, as amd. by Laws of 1914, chap. 455; Id. § 318.)   The writ of replevin in question was issued with the commencement of this action to recover the machines, which are in defendant's custody.   The action is brought on a verified complaint, and based on plaintiff's alleged ownership and right to possession.   Defendant is charged with wrongful taking and detention.   Defendant has answered, denying wrongful taking and detention.   On presentation of the " writ " and demand of possession by the executing officer, defendant refused delivery. Defendant thereupon made the present application for an order vacating the writ, and under the plea for other and further relief, asks for the dismissal of the complaint, contending that plaintiff has failed to state a cause of action, and that the " writ " was improperly issued.

Defendant's first objection being directed against the validity of the " writ," it will be first considered.   In commencing an action

to recover a chattel it is optional with plaintiff to merely commence an action. He may couple it with an application for a writ of replevin, an incidental and concurrent remedy and preliminary relief. (Mun. Ct. Code, § 6, subd. 2, §§ 57, 58; *Coler* v. *Judd*, 124 Misc. 22.) This court has power to vacate a writ issued by it (Mun. Ct. Code, § 6, subds. 3, 7), especially where jurisdictional requirements are lacking. (*Northwest Engineering Co.* v. *Rappl*, 132 Misc. 497.) Objection made to jurisdiction may be taken in the manner prescribed in sections 88, 89, 90 and 91 of the Municipal Court Code. Section 1096 of the Civil Practice Act prescribes what allegations must be made for issuance of a writ of replevin. Rules 270 and 271 of the Rules of Civil Practice specify what allegations are deemed sufficient as a pleading to maintain an action to recover a chattel. Consideration of the allegations in plaintiff's complaint, as well as those made in the affidavit on which the " writ " was issued, is, therefore, in order. Both in the complaint and affidavit plaintiff, in substance, alleges its ownership of the machines; that it delivered a machine to each one of thirty-two different persons for use and operation, under an agreement that title would remain in it, and the reservation to repossess on demand. It then alleges the wrongful taking and detention by defendant and his refusal to deliver on demand. It then goes further by alleging facts on which it bases its claim of wrongful taking and detention, to wit, that the machines were taken by the police department of the city of New York in connection with the arrest of the persons into whose custody it had placed them; that such arrests and seizure were made on the charge that the machines were unlawfully in their possession, in violation of the Penal Law and Code of Criminal Procedure; that proceedings were duly instituted in a court of competent jurisdiction against such persons and their discharge by the magistrates.

In view of these allegations defendant contends that this court is without jurisdiction either to maintain the action to recover the machines, or to grant the writ of replevin by which plaintiff seeks to obtain immediate possession. With this contention I fully agree. Property taken by the police authorities in their endeavor to enforce criminal laws and placed in the possession of the property clerk, for the purposes of criminal prosecution, is regarded as in the custody of the law and cannot be taken under a writ of replevin until such custody has ended. (*Simpson* v. *St. John*, 93 N. Y. 363.)

A proposition of law is, therefore, presented. That is, on the allegations in the complaint, and affidavit on which the writ of replevin was granted, has plaintiff shown a right to maintain this

action to recover possession of these machines and the consequent right to have the " writ " issued?

Plaintiff contends that further detention of them by defendant after the discharge of its lessees was an unwarranted and unlawful interference with its private ownership; that the custody of the law ended on such discharge, and it, therefore, had the right to bring this action, and incidentally avail itself of the preliminary remedy of securing immediate possession in securing the issuance of the writ of replevin. I find no force in this contention. Among few instances in which the law sanctions interference with private ownership of property is that arising from a proper exercise of police power, under due process of law, against property declared unlawful by statute; even to the extent of its confiscation and destruction. Things to which a claim of ownership and right to possession are not recognized by law (*Armstrong* v. *Sisti*, 242 N. Y. 440; *Gonch* v. *Republic Storage Co.*, 245 id. 272) because they are used, or intended for devotion to a purpose pronounced by law to be a public nuisance. Apparatus constituting gambling devices are unlawful. Possession is prohibited. (Penal Law, § 970-a, added by Laws of 1917, chap. 516, as amd. by Laws of 1922, chap. 667; Id. § 973.) Certain kinds of apparatus commonly known as slot machines are unlawful. (*Byk* v. *Enright*, 209 App. Div. 823; affd., 240 N. Y. 699; *People ex rel. Verchereau* v. *Jenkins*, 153 App. Div. 512; *Matter of Cullinan* [*Peck Certificate*], 114 id. 654.)

In the present instance the police authorities, acting under the power vested in them by the Greater New York Charter (§§ 315-318) for the purpose of preventing crime by enforcement of the statutes against gambling (Penal Law, § 973; Id. § 982, as amd. by Laws of 1928, chap. 543; Id. § 983), seized these machines on the charge that they constitute gambling apparatus, slot machines, in violation of law. (Penal Law, §§ 970-a, 977.) Any gambling apparatus or machines may be destroyed on conviction of the defendant. (Penal Law, § 979.) It may be ordered destroyed by the magistrate, even though there be no defendant (Penal Law, §§ 983, 984), or by a trial court whether there be a conviction or not. (Penal Law, § 985.) When destruction of property in possession of the property clerk is in order, the police commissioner may direct such action. (Greater N. Y. Charter, § 318; Id. § 335, as amd. by Laws of 1920, chap. 734.)

The machines being still in possession of the property clerk, who refuses to deliver them to plaintiff, the question vital to this controversy is presented: Did the custody of the law come to an end with the discharge of plaintiff's lessees? The answer must be in the negative. The lessees made no claim of ownership of the

machines. They were arrested because they were found in possession of them. The magistrate could determine whether they are unlawful. (Penal Law, § 978.) What he decided in that connection is not disclosed. In the absence of such determination declaring that they do not constitute gambling devices, the presumption attaches that the prosecution duly instituted has not been ended. That this was intended is deducible from the statutes. In other words, it must be borne in mind that the prosecution in such cases has a two-fold purpose: to enforce the statutes against gambling apparatus, and in addition to enforce the penalty against persons having possession of it; therefore, a prosecution cannot be said to have ended by mere discharge of a person in whose possession gambling apparatus was found. Continuation of the prosecution may go on to the end that the articles charged to be unlawful may be confiscated and destroyed if found to violate the law; therefore, the property clerk may hold these machines in furtherance of the prosecution and the law's ultimate disposition. (Greater N. Y. Charter, §§ 318, 335, 336.)

The conclusion must follow that no action to recover a chattel can be maintained, where the property right asserted is one not recognized by law. Consequently a claimant cannot avail himself of the preliminary remedy of a writ of replevin by which he can secure immediate possession. (*People ex rel. Wallace* v. *Cragen,* 119 Misc. 576; appeal dismissed, 208 App. Div. 708.)

Permitting a return of such articles to a claimant before a prosecution is ended may be the means of obstructing, if not defeating, the objective of the statute against gambling devices. Jurisdiction in a matter of this kind was never intended to be vested in the Municipal Court. To seriously assert that this court has power to determine whether or not these machines constitute gambling devices is indulging in a flirtation with imagination. Authorities and courts charged with the duty of enforcing the criminal law should not be hampered and discouraged from invasion by civil courts. A taking of the machines under the writ would be an interference with the police in their discharge of duty. (*Byk* v. *Enright,* 240 N. Y. 699.) Co-operation should be the order for the common good.

I am, therefore, forced to the conclusion that the complaint fails to state a cause of action, no right to possession being shown. The issuance of the writ of replevin is founded on the same allegations, so that there was no power in the court to allow it. The writ is vacated and complaint dismissed, with ten dollars costs to defendant. Enter order.