265 So.2d 2 (1972)
Bernard L. GARMIRE, Chief of Police, City of Miami, Florida, Petitioner,
v.
John RED LAKE, Judge, Civil Court of Record in and for Dade County, Florida, Respondent.
No. 41469.
Supreme Court of Florida.
June 14, 1972.
Rehearing Denied August 23, 1972.
*3 Alan H. Rothstein, City Atty., and S.R. Sterbenz, Asst. City Atty., for petitioner.
John A. Boccabella and Barry L. Halpern, of Law Offices of Engel & Halpern, Miami, for respondent.
ERVIN, Justice.
This is a certiorari review of a decision of the District Court of Appeal, Third District, in State of Florida ex rel. Bernard L. Garmire, Chief of Police, City of Miami, Florida, Relator vs. John Red Lake, Judge Civil Court of Record in and for Dade County, Florida, Respondent, a case of original jurisdiction prohibition in which the court in a per curiam order dismissed application for prohibition. See 252 So.2d 605.
In an accompanying order the District Court stated:
"The suggestion in prohibition shows facts which the petitioner (defendant in the trial court) may plead as a defense in the replevin action there. The trial court is not without jurisdiction to entertain the action in replevin and to rule on the merits of the defense indicated in the suggestion. See Adams v. Burns, 126 Fla. 685, 172 So. 75.
"Accordingly, the petitioner's application for issuance of a rule nisi in prohibition is denied, on the ground that the suggestion fails to state a prima facie case in prohibition; and the petition is dismissed without prejudice."
We find the decision of the District Court conflicts with the decision of this Court in the case of Adams v. Burns, 126 Fla. 685, 172 So. 75, as will be explained hereinafter.
From the record below it appears that Willard Bethel and Willie Henry Simmons were co-defendants in the Criminal Court of Record of Dade County, Florida, in an armed robbery case, No. 67-7536A. Bethel was tried and acquitted; however; the case stands against Simmons with alias capias remaining outstanding against him. The custodian of capias of said court has been advised that Simmons is serving a jail sentence in Nassau, N.P., Bahamas, and the custodian is to be advised when Simmons is released so that the capias as a detainer can then be promptly executed.
It further appears that Bethel after his acquittal entered into a written assignment whereby he assigned to his legal counsel, Max P. Engel and Barry L. Halpern, who represented him in the criminal case "any and all monies ... which have been confiscated and held as evidence in Criminal Court of Record Case 67-7536A."
Engel and Halpern as plaintiffs filed a replevin complaint in the Civil Court of Record in and for Dade County, Florida, Case No. 70-8237, to recover the said confiscated monies being the sum of $1202.15, from Bernard L. Garmire, Chief of Police, City of Miami, Florida (Petitioner herein). They alleged they claimed the money by virtue of the foregoing assignment from Bethel and that Garmire unlawfully detained the money from them, the plaintiffs.
Garmire, as defendant in the replevin action, filed his answer to complaint, alleging as follows:
"... Defendant states that the copy of the Assignment filed and served in this case indicates that money which constitutes evidence in the case of Criminal Court of Record Case No. 67-7536A was assigned from one of the Defendants in said Criminal Court of Record case to the Plaintiffs in this case. On February 19, 1970 Plaintiffs made a request for the return of the money forming the subject matter of the instant suit in said Criminal Court of Record case and said request was denied by the Criminal Court of Record Judge who heard said request. Said Criminal Court *4 of Record case involves two defendants and is a pending Criminal case in which case the money which the Plaintiffs seek herein constitutes the evidence.
"Plaintiffs are not only seeking to obtain the possession of evidence in a pending case before the Criminal Court of Record, but have made the wrong party the Defendant in the instant case, should they have any entitlement to said monetary evidence, in that the States Attorney is handling the case and the Criminal Court of Record has judicial cognizance of same."
The information of the State filed against Bethel and Simmons in the Criminal Court of Record of Dade County reads in part as follows:
"... that WILLARD BETHEL and WILLIE HENRY SIMMONS on the 11th day of November, 1967, in the County and State aforesaid, did unlawfully and feloniously make an assault upon ELMER ZAMUDIO and did by force and violence or putting in fear, rob, steal, take and carry away from his immediate person or custody and against the will of the said ELMER ZAMUDIO certain monies, goods and chattels, to-wit: Cash, in the sum of approximately ONE THOUSAND TWO HUNDRED TWO DOLLARS and FIFTEEN CENTS ($1202.15), good and lawful money of the United States of America, a further and more particular description of said property being to the Assistant State Attorney unknown, said property being the subject of larceny and the property of WINN-DIXIE STORES, INC., a Florida Corporation, in violation of 813.011 Florida Statutes [F.S.A.]."
After the replevin complaint and answer thereto were filed, Garmire filed suggestion for a writ of prohibition in the District Court of Appeal, Third District, which set forth that Honorable John Red Lake, Judge, Civil Court of Record for Dade County, Florida (Respondent herein) presumes to exercise jurisdiction in the replevin case, No. 70-8237, in which plaintiffs Engel and Halpern seek possession of the $1,202.15 in money, which sum constitutes evidence in Dade County Criminal Court of Record armed robbery Case No. 67-7536A; and is held in custodia legis by Petitioner, Bernard L. Garmire, Chief of Police, City of Miami, Florida.
The suggestion for the writ of prohibition concludes by demanding that a writ of prohibition issue directing Judge Lake to cease and desist from continuing assumption of jurisdiction in the replevin case.
As related hereinbefore, the District Court denied the writ for the reasons assigned in its order.
It is our opinion that the District Court in refusing to prohibit the continuation of the replevin action committed decisional conflict with the rationale of this Court's holding in Adams v. Burns. There, it was said:
"When a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts, which, though of concurrent jurisdiction, may not disturb that possession; and the court acquiring original jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property." See 172 So. 75, text 79.
See also, Triangle Mint Corp. v. Horgan, 133 Misc. 802, 233 N.Y.S. 570.
It is our view that the Criminal Court of Record of Dade County has inherent authority and jurisdiction to determine the disposition of the subject money confiscated temporarily for evidentiary purposes. We do not believe the civil courts should be permitted, as here attempted, to cross over and intrude in criminal matters pending within the jurisdiction of the criminal courts. It would seriously conflict with and hamper criminal processes if evidence or contraband seized for criminal trials or *5 purposes could be made the subject of recovery proceedings in the civil courts through procedures bypassing the criminal courts.
This does not mean that persons claiming money or other things of value held in custodia legis in a criminal court for evidentiary or other purposes should be without remedy. It simply means that the criminal courts have inherent jurisdiction on proper application of claimants for such items and upon due notice to the state and others of interest to determine questions concerning the ownership as well as the appropriate time to release such items held in custodia legis by the criminal courts.
We take note of F.S. Section 811.201, F.S.A., which provides certain procedures for the disposition of money or a motor vehicle that is "being held by state, county or municipal officials as evidence." While unfortunately F.S. Section 811.201, F.S.A., is not sufficiently broad to cover all situations where items of evidence are held in custodia legis and are sought to be recovered by the true owner, it does serve as an example of procedures which the criminal courts may fashion within their inherent powers to provide necessary procedures and processes for the recovery of evidentiary items held by them.
We reiterate, we do not mean to imply by our action herein that the true owner of the subject money is without an adequate remedy of recovery. On the contrary, we conclude the initial jurisdiction of the subject matter lies with the Criminal Court of Record of Dade County and our action is without prejudice to application being made to the Criminal Court for recovery by the true owner of the subject money, provided, of course, due notice is given the State Attorney and any other interested party.
So that there may be no mistake of our view, we hold that the subject money held by the Chief of Police of the City of Miami is held by him in custodia legis for the Criminal Court of Record of Dade County to be used in the prosecution of Simmons under the information triable in the Criminal Court of Record, unless and until the Criminal Court of Record concludes otherwise, subject to appellate or supervisory review.
It is directed that the decision of the District Court of Appeal, Third District, be quashed and further proceedings be in accord herewith.
It is so ordered.
ROBERTS, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
McCAIN and DEKLE, JJ., dissent.