CAMPBELL, Chief Judge.
In this appeal, appellant, Walter C. Heinrich, Sheriff of Hillsborough County, challenges, inter alia, the trial court’s jurisdiction to order appellant to return to appel-lee, Carl Johnson, property similar or equal to property seized from him. Specifically, appellant maintains that the trial court order exceeded the proper scope of a criminal proceeding, and that the proper procedure was not followed for this to have been a civil proceeding. We agree.
Pursuant to a grand theft charge against appellee, the Hillsborough County Sheriffs Office seized three all terrain vehicles (ATVs) from appellee and returned them to the owner on the same day. The grand theft case against appellee was later dismissed, and appellee filed a motion in his criminal case for return of the ATVs or for money damages, claiming that the ATVs were his property. The court ordered appellant to pay appellee money damages for the ATVs. Appellant’s subsequent motion to set aside the order was denied, and appellant filed a petition for writ of prohibition with this court. This court denied the writ, stating:
While it appears that the trial judge has no jurisdiction to enter a money judgment against the sheriff in the absence of a proper civil action and service of process upon the sheriff, the judge before whom the criminal case of State v. Johnson was previously pending does have jurisdiction to order the sheriff to return any property seized in connection with that criminal prosecution. Garmire v. Red Lake, 265 So.2d 2 (Fla.1972); Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981).
Heinrich v. Griffin ex rel. Johnson, 497 So.2d 247 (Fla. 2d DCA 1986) [taken from appellate court file].
On remand, the trial court did not restrict its order to require the return of the property seized, but ordered appellant to return to appellee “property of equal or similar nature” to the property seized. The parties stipulated that appellant did not have possession of the ATVs at any time after appellant returned the vehicles to the owner on the same day they were seized.
The order requiring appellant to return to appellee “property of equal or similar nature” was improper in either a criminal or a civil setting. In the criminal setting, this court ruled, when it denied appellee’s petition for a writ of prohibition, that the criminal court only had jurisdiction to order that the property seized in the criminal prosecution be returned to appellee. The trial court went beyond that narrow limitation and ordered appellant to return to appellee property “of equal or similar nature.” Thus, the court exceeded its criminal authority.
Since appellant did not have the ATVs that were seized, and would have to purchase ATVs in order to comply with the court’s order to return to appellee property “of equal or similar nature," the court order requiring appellant to do so essentially transformed a criminal proceeding into a civil one. This was improper since the proper civil procedure necessary to reach this stage was not followed. Appellee did not file a civil complaint or serve appellant with process. Nor was a jurisdictional amount stated anywhere, with the result that the circuit civil court might not even have jurisdiction. Accordingly, the order was improper in a civil setting as well.
We, therefore, reverse the trial court order requiring appellant to return to appel-lee property “of equal or similar nature,” and remand with instructions that if the trial court cannot order the return of the property seized, it must deny appellee’s motion and direct appellee to seek redress in the civil courts.
SCHOONOVER and PATTERSON, JJ., concur.