601 So.2d 1259 (1992)
METRO-DADE POLICE DEPARTMENT OF DADE COUNTY, etc., Appellant,
v.
Alphonso HIDALGO, Appellee.
No. 91-2547.
District Court of Appeal of Florida, Third District.
June 30, 1992.
Robert R. Jennings, Miami, and Robert Knabe, Boca Raton, and Richard Grande, Miami, for appellant.
J.C. Codias, Miami, for appellee.
Before NESBITT, FERGUSON, and LEVY, JJ.
PER CURIAM.
In view of the fact that the appellant failed to file a Notice of Appeal within thirty days of the August 29, 1991, order, or to file any type of motion for rehearing within ten days of the entry of the said order, thereby depriving this court of subject matter jurisdiction, this appeal is hereby dismissed as being untimely.
NESBITT and LEVY, JJ., concur.
FERGUSON, Judge (concurring in result).
While we dispose of this case on a procedural point, I think the case is deserving of an opinion which tells the trial court that it was also correct on the merits.
As argued by the Police Department, the main issue was whether the circuit judge sitting in the criminal division of the circuit court had jurisdiction to grant the owner of seized personal property a prompt, post-seizure adversarial hearing and to thereafter make a no-probable-cause finding. After the supreme court's decision in Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991), which was released a day before the instant seizure of personal property, this was an easy case to decide.
In Real Property, the court was faced with a challenge to the facial validity of Florida's Contraband Forfeiture Act, sections 932.701-932.704, Florida Statutes (1991), on due process grounds. In upholding the constitutionality of the Act, the court set forth stringent procedural requirements which were substantially followed by the trial court in this case.
In connection with the arrest of Alphonso Hidalgo for drug offenses, police officers sought and obtained consent from Mrs. Sablon, his friend, to search her vehicle. Other than a "dog alert" to the compartment area of the vehicle, there was no direct evidence that Mrs. Sablon or the vehicle was part of Hidalgo's illegal activities. Sablon was detained for interrogation at police headquarters from 9:00 p.m. to 2:30 a.m., and released with no charges filed. The automobile was held with no notice that the State was seeking title to the property pursuant to its right of forfeiture. Ten days later, with no notice of a forfeiture having been served, Mrs. Sablon filed, in the circuit court division where criminal charges were pending against Hidalgo, a motion for release of her property. *1260 A notice of an August 29th hearing on the motion was provided to the assistant state attorney handling the criminal case.
On August 29th, Sablon appeared in court and gave testimony under oath relevant to the seizure. The State appeared and proffered probable cause evidence in the form of the dog's alert. At the end of the hearing, the trial court made a finding that it had jurisdiction over the subject matter and that there was insufficient probable cause for the seizure. A written order was entered for release of the seized property. That order was ignored by the State.
On September 3, 1991, a rule to show why it should not be held in contempt for refusal to release the vehicle was served on the Police Department with a September 5th hearing date. On September 5th, the Department presented its probable cause defense for the second time, and, for the first time, raised a jurisdictional argument. Another hearing was scheduled for September 10th where attorneys for both the State Attorney and Metro-Dade Police Department made jurisdictional and probable cause arguments. Again, a written order was entered to release the automobile. Again, Metro-Dade refused to comply.
On September 13, 1991, the Department proffered more legal arguments in support of its probable cause and no-jurisdiction arguments. It is significant that by September 13th, more than a month after the seizure, neither the State nor the Police Department had given notice to Sablon of her right to an adversarial hearing or notice of the commencement of civil forfeiture proceedings. On October 2nd, the trial court entered a third written order for release of the 1989 Pontiac with findings of fact and conclusions of law. Again, there was no compliance.
No appeal was sought of the first two orders finding no probable cause and directing a release of the automobile. Instead, the Police Department, on September 25th, commenced the forfeiture action by filing a rule to show cause in the General Jurisdiction of the Circuit Court. Finally, in its first acknowledgment of the court's authority, the Police Department requested a stay of the third order pending an appeal. As a compromise, the court placed burdensome conditions on Mrs. Sablon in exchange for release of the property.[1] Those conditions having been satisfied, the automobile was released to Mrs. Sablon.

Adversarial Preliminary Hearing
In upholding the forfeiture statute against a constitutional challenge on due process grounds, the supreme court held that after an ex parte seizure the State must immediately notify all interested parties that the seizure is for forfeiture purposes and that they have a right to request a post-seizure adversarial preliminary hearing. If requested, the hearing must take place within ten days. Further, it was held, "under no circumstances may the State continue its restraint on the property, pending final disposition, unless notice and an opportunity to be heard in an adversarial proceeding are provided to all potential claimants." Real Property, 588 So.2d at 966.

Jurisdiction
There is no merit to the Police Department's jurisdictional argument. To comply with due process in a forfeiture action under the Act, the government must, after property is seized, file a petition to show cause in the circuit court in the county where the property is located or where the crime is alleged to have occurred. Real Property, 588 So.2d at 965.
Neither the Act nor the supreme court's decision makes a distinction between the criminal and civil divisions of the circuit court for the purpose of the preliminary probable cause determination. Besides, the distinction, which is not made in many judicial circuits, is purely administrative in nature.[2] *1261 As a practical matter, the division where a related criminal action is being handled by prosecutors would be the better forum for presentation of the probable cause evidence. Contrary to the appellants' contentions, the Act does not envision that the expedited probable cause determination be made exclusively in a civil setting. Whereas the notice of a right to an adversarial preliminary hearing must be given immediately after the seizure, and held within ten days after the request, the civil forfeiture may commence as late as ninety days afterwards.

Probable Cause
No cash or contraband was found in Mrs. Sablon's automobile. She was detained several hours for interrogation, and was finally released because there was no evidence, rising to the level of probable cause, that she was involved in drug trafficking. All that is shown from the evidence favorable to the State is that Mrs. Sablon is a friend of the arrested suspect, was the title owner of a second vehicle operated by Hidalgo in which contraband was found,[3] and that a dog alerted while sniffing in the area of the telephone compartment in Sablon's automobile. No authority has been shown that probable cause exists for the purpose of seizing property based on an association with a criminal suspect, or an "alert" by a drug-sniffing dog, or even where both factors are present. While I agree with the Police Department that the circumstances were enough to raise a founded suspicion, there was no evidentiary basis, by the statutory standard, to support a forfeiture of the 1989 Pontiac.
NOTES
[1] Those conditions were (1) obtain liability coverage in the amount of $250,00/$500,000, (2) tender title to the county, in escrow, pending the appeal, (3) transfer registration from the State of Georgia to the State of Florida, and (4) restrict operation and use of the automobile to within state borders.
[2] The criminal and civil divisions of the circuit court have concurrent jurisdiction. Nevertheless, evidence which is held in custodia legis of the criminal division of the circuit court for use in a criminal prosecution may not be the subject of a replevin action brought in the civil division of the circuit court. See Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972). By the same reasoning, and by clear import of the statute, there is no impediment to the exercise of jurisdiction by the criminal division of the circuit court, to make a preliminary probable cause determination, prior to the filing of the rule to show cause which initiates the civil forfeiture proceedings. § 932.703, Fla. Stat. (1991).
[3] The seizure of the second vehicle is not challenged.