# Third District Court of Appeal

## State of Florida

Opinion filed November 19, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-463
Lower Tribunal No. 11-28885

_____


**Jorge Alberto Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.315(a) from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Jorge Alberto Gonzalez, in proper person.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.


Before SHEPHERD, C.J., and EMAS and LOGUE, JJ.

EMAS, J.

We affirm the trial court's denial of Gonzalez's motion, filed in a criminal proceeding but pursuant to Florida Rule of Civil Procedure 1.540, seeking to vacate a July 2013 order which returned certain personal property to its rightful owner. Gonzalez filed his motion in January 2014, asserting that he was unaware of this July 2013 order,[1] and further asserting that he is the rightful owner of the property.

The State argues that Gonzalez was not permitted to invoke rule 1.540 in the criminal proceeding below. However, we need not reach that issue (or the additional merits arguments made by the State) as we hold that the trial court no longer had jurisdiction over the personal property at issue.

A trial court's jurisdiction over a criminal proceeding includes the inherent authority over property seized or otherwise obtained in connection with the proceeding and held by the court in *custodia legis*. See Garmire v. Red Lake, 265 So. 2d 2 (Fla. 1972); Sawyer v. Gable, 400 So. 2d 992 (Fla. 3d DCA 1981); Daniel v. State, 991 So. 2d 421 (Fla. 5th DCA 2008). "This authority continues beyond the termination of the prosecution, thus enabling the court to direct the return of

---

[1] The order returning the property was based upon a motion filed by the rightful owner of the property, as well as a joint motion of the State and Gonzalez. The joint motion was signed by Gonzalez's trial counsel on behalf of his client, agreeing to the return of the property. Gonzalez asserted in his rule 1.540 motion that he was unaware of any such agreement and did not give his counsel permission to enter into an agreement for the return of the property.

2

the property to its rightful owner." Stevens v. State, 929 So. 2d 1197, 1198 (Fla. 2d DCA 2006).

However, because the personal property in this case had been returned to its rightful owner (a private citizen) pursuant to an order that was not appealed[2], the property is no longer held in *custodia legis*, and the trial court's authority over that property has terminated. See Brown v. State, 613 So. 2d 569 (Fla. 2d DCA 1993); Heinrich v. Johnson, 549 So. 2d 1187 (Fla. 2d DCA 1989). See also State ex rel. Gerstein v. Durant, 348 So. 2d 405, 407 (Fla. 3d DCA 1977) (applying section 812.061, Florida Statutes and holding that an application for return of property "may not be made when the property sought to be returned is not held in *custodia legis* within the territorial jurisdiction of the court."). We express no opinion whether Gonzalez may properly pursue an alternative remedy through an original proceeding in civil court or otherwise; we hold merely that he may no longer seek such relief through motion or pleading in the criminal proceeding.

---

[2] Gonzalez argues that because his criminal conviction in case number F11-28885 is currently on direct appeal, the trial court should have abated the motion for return of property pending the outcome of his direct appeal. See Davies v. State, 934 So. 2d 606 (Fla. 5th DCA 2006). However, the returned property was not related to, or held as evidence for, the case in which Gonzalez was convicted (and is currently appealing). Rather, the order directed return of property stemming from an earlier offense involving Gonzalez, but unrelated to the charges in F11-28885. This earlier offense was "no actioned" by the State; following termination of that prosecution, and upon motion by the rightful owner and pursuant to an agreement of the parties, the court issued its order (though issued, apparently inadvertently, under case number F11-28885) releasing the property from police custody and returning it to its rightful owner.

3

AFFIRMED.