Proceeding for a writ of prohibition by Guy Harvey and others, Supervisors of the Florida State Beverage Department, and James T. Vocelle, Director thereof, against E.B. Drake, Judge of the County Judge's Court of Walton County, Fla., to prevent the county judge from acting upon petitions by Howard Hamilton and others to quash certain search warrants and for an order for return of intoxicating liquors seized thereunder. From the judgment, petitioners appeal.
Judgment reversed, and cause remanded.
This is an appeal from a judgment of the Circuit Court of Walton County, rendered by Judge D. Stuart Gillis, one of the two judges of the First Judicial Circuit, denying a petition for a writ of prohibition, filed by the appellants.
The petition for the writ alleged that on April 8, 1948, four search warrants were issued by Honorable L.L. Fabisinski, one of the judges of the Circuit Court of the First Judicial Circuit, authorizing the search of the several premises in Walton County therein described, which warrants were directed to all and singular the Sheriffs and Constables and the supervisors and agents of the Beverage Department of the State of Florida, and ordering the officers executing the same to make return of their doings thereunder to the judge issuing the warrants. That pursuant to the authority of the warrants, some of the petitioners did search each of the premises described and thereafter on the same day did make return on each of the warrants and filed the same in the office of the Clerk of the Circuit Court of Walton County on April 8, 1948; that by reason of the searches aforesaid, petitioners had possessed themselves of various quantities of intoxicating liquors which were found on the premises searched and which were kept thereon for the purpose of sale, and were possessed thereon, in violation of law. That thereafter each of the parties whose premises had been searched filed a "motion for judgment" and "order for the return of the property seized" in the County Judge's Court in Walton County. That the property sought to be returned by the several petitioners was that seized and possessed under and by virtue of the said search. That thereafter each of the same individual parties whose premises had been so searched filed a petition in the County Judge's Court of Walton County, each of which was entitled "Motion to quash the search warrant, and for order for return of the property seized thereunder," but none of them alleged that they were in lawful possession of the liquors at the time of the search and seizure.
The petition for writ of prohibition further alleged that a hearing was had before respondent E.B. Drake, as judge of the County Judge's Court of Walton County, on May 25, 1948, on the said several petitions, and at the conclusion the respondent county judge advised that he would enter judgment on each of the petitions, and assume jurisdiction and authority to act thereon, and that, unless petitioners for writ of prohibition or some of them did institute criminal proceedings as a result of the evidence obtained under the said searches, he would order that the property seized be turned over the sheriff of Walton County to await the further order of the County Judge's Court.
The petitioners for the writ of prohibition suggest that said County Judge's Court of Walton County, and the judge thereof, were without jurisdiction to act upon the several petitions or to enter judgment thereon, or to order delivery of the property seized, to the sheriff of Walton County, and that said County Judge's Court had no authority to enter any order regarding the disposition thereof, and was wholly without jurisdiction over the matters and things presented by the several petitions referred to; and closed with a prayer for the issuance of an alternative writ of prohibition directed to the said County Judge and each of the four individual respondents, commanding them to show cause at a time and place therein named why writ of prohibition should not issue and that meanwhile the County Judge be ordered to refrain from any further proceedings in said causes.
Alternative writ of prohibition, or rule nisi, was issued by Circuit Judge D. Stuart Gillis, one of the two Circuit Judges of the First Circuit, as prayed, and duly directed to and served upon the respondents, who filed a joint and several answer thereto.
This answer of the several respondents attached thereto photostatic copies of the several sworn applications for the issuance of the search warrants made to Circuit Judge Fabisinski, of said First Circuit, and also of the search warrants issued by him thereon, and the returns made by the applicants therefor. Each of the sworn applications for the warrants allege that a majority of the qualified electors of Walton County had voted against the sale of *Page 216 
intoxicating beverages in said county, and that, on a date a few days previous to the applications, the applicants had bought a bottle of described whisky at each of four certain places in Walton County, describing each place with particularity, being "the premises of persons unknown to affiant."
The answer to the alternative writ also contained copies of the several motions or petitions filed in the County Judge's Court by each of the four parties whose premises had been searched, in which the legality of the search warrants and the applications therefor and the searches made thereunder were attacked on various grounds, and praying that the County Judge's Court, "being the only court having jurisdiction," order the parties who had made the search to deposit the property taken with the Sheriff of Walton County to await an order for its disposition or return by the County Judge's Court, and that the property taken under the search warrants be returned to the person or persons from whom it was so illegally taken. One of the motions mistakenly alleged that the search warrant was illegal in that it was in violation of the State and Federal Constitutions.
One of the motions filed in the County Judge's Court attached as an exhibit a news article in the Pensacola Journal of April 10, 1948, entitled: "State Beverage Officials seize illegal whiskey in Walton County. Large liquor supplies valued at $2,000 confiscated from four establishments." This article was illustrated with a large picture of the "Walton Liquor Loot," and stated that "Hearing on the case will be held here before County Judge Edward B. Drake." The probable purpose of attaching this exhibit was to show that the intent of the officers who made the seizure was to submit the case to the County Judge, but the article was not signed, and was merely a news article from DeFuniak Springs.
The orders made by the County Judge on these several motions, as shown by the exhibits to the answer, were to the effect that the court had jurisdiction of the subject matter and the parties (evidently overlooking section 933.14, Florida Statutes, 1941, F.S.A.) and that the Court reserved jurisdiction and postponed further orders until June 7, 1948, within which time those, or some of them, making the search and seizure, should make under oath some affidavit or complaint charging the defendants with some offense against the State of Florida, concerning the property seized under the search warrants, and that the court was of the opinion that such affidavit and complaint should in law have been promptly filed in that court upon the search and seizure.
The cause came on to be heard before Circuit Judge D. Stuart Gillis, in Walton County, on June 7, 1948, and in his final judgment the Circuit Judge dismissed the rule nisi, and denied the writ of prohibition, and also ordered that the property obtained under the searches and seizures be held in status quo for ten days to allow the filing in the County Judge's Court of some affidavit or complaint under oath charging the defendants, against whom the searches and seizures were made, with some offense against the laws of Florida concerning and connected with property seized under the search warrants, and that thereafter the County Judge's Court may proceed as the law directs. It is from this judgment that this appeal was taken.
It will be noted that this final judgment did not hold the applications for, and the search warrants issued by Circuit Judge Fabisinski, and the returns made thereon, in any wise deficient. Nor do we. Of course circuit judges have authority to issue search warrants when they have jurisdiction "within the district where the place, vehicle or thing to be searched may be." Section933.01, Florida Statutes 1941, F.S.A. And the stated grounds for the issuance of these search warrants were also sufficient. Section 933.02, Florida Statutes, 1941, F.S.A. Likewise the affidavits upon which the search warrants were issued were legally adequate. Church v. State, 151 Fla. 24, 9 So.2d 164. And in section 568.14, Florida Statutes, 1941, F.S.A., of Chapter 568, which chapter is entitled "Intoxicating Liquors in Counties where Prohibited," it is provided that: "For the purpose of enforcing the provisions of this chapter the director and supervisors of the state beverage department shall exercise and perform all powers and *Page 217 
duties vested in the several sheriffs and their deputies in the State of Florida under the provisions of this chapter."
Section 568.03, Florida Statutes, 1941, F.S.A. declares that: "It is unlawful for anyone to keep, or possess, intoxicating liquors, wines or beer in any county that has voted against the sale of such intoxicating liquors, wines or beer with the intent to sell or dispose of them unlawfully."
And section 568.11 of the same chapter declares that: "The right of property in and to intoxicating liquors, wines or beer sold or possessed by any person, association of persons, or corporations in violation of any of the provisions of this chapter is declared not to exist in any person, association of persons, or corporation and the same shall be forfeited."
Section 568.05, same chapter, says that "any person who sells or causes to be sold, any intoxicating liquors, wines or beer in any county that has voted against the sale of intoxicating liquors, wines or beer, or who keeps or possesses in any such county" any of such liquors "with intent to sell or dispose of same unlawfully," shall for each offense "be punished by a fine not exceeding five hundred dollars, or by imprisonment in the county jail for not more than six months." So this offense is a misdemeanor, of which the County Courts are given jurisdiction. And the County Judge in each county is made the Judge of the County Court of that County. Section 18 of Article V, Florida Constitution, F.S.A. The circuit courts have original jurisdiction of only such cases at law, and criminal cases, as are not cognizable by inferior courts. Sec. 11, Art. V, Florida Constitution.
It follows that any criminal prosecution that could be brought against either or all of these appellees for selling, or having possession with intent to sell, intoxicating liquors, would have had to be brought in the County Judge's Court of Walton County. However, none of these four appellees has been arrested, nor any warrants sworn out for their arrest.
But was it legally necessary for criminal prosecutions to be brought against these four individual appellees in the County Judge's Court before any further proceedings could be had regarding the disposition or destruction of the property seized upon their respective premises under the four search warrants issued by Judge Fabisinski? The learned Circuit Judge who entered the judgment denying the writ of prohibition evidently considered that this question should be answered in the affirmative, but, if so, we must disagree.
We turn now to the chapter of Florida Statutes, 1941, dealing with search warrants — chapter 933, F.S.A.
Section 933.02 provides inter alia, that a search warrant may be issued when any property shall have been used "in violation of any of the laws prohibiting the manufacture, sale and transportation of intoxicating liquors." Section 933.04 provides that "no search warrant shall be issued except upon probable cause, * * * particularly describing the place to be searched and the person and thing to be seized." But if the name of the person is not known, no name is required in the search warrant. Church v. State, 151 Fla. 24, 9 So.2d 164.
In this case each of the search warrants was addressed "to all and singular the Sheriffs and Constables, Supervisors and agents of the Beverage Department of the State of Florida," and particularly described the premises described in each of the sworn applications, and commanded the search thereof for "illegal intoxicating beverages," and "to make return of your doings under this warrant to the undersigned within ten days from the date hereof, and you are likewise commanded in case you seize or take the property or materials mentioned in this warrant to safely keep the same until otherwise ordered by a court having jurisdiction thereof," etc. These warrants were issued by Circuit Judge Fabisinski in Escambia County authorizing searches to be made in Walton County, both of which counties were in Judge Fabisinski's Circuit, the First Circuit, and on that same day, after the searches and seizures had been made, the officers making them filed *Page 218 
the search warrants and their returns thereto, and inventories of the property taken, in the office of the Clerk of the Circuit Court of Walton County, in DeFuniak Springs, of which court Judge Fabisinski was one of the Circuit Judges. Whether duplicate returns were also made to Judge Fabisinski, in the county of his residence, about eighty miles to the West of the places searched, the record does not show, but the filing of the warrants and the returns made thereon in the office of the Clerk of the Circuit Court of Walton County, of which Court Judge Fabisinski was one of the two Circuit Judges, was tantamount to making the returns to or filing them with the Circuit Judge, as such, and also to the Circuit Court of Walton County, of which he and Honorable D. Stuart Gillis were the Circuit Judges. Section 933.14 of the chapter of Florida Statutes 1941, F.S.A. dealing with search warrants provides that: "The judge or magistrate to whom said search warrant is returned shall file the same with the inventory and sworn return in the proper office * * * where the proceedings are lodged," which in this case was the office of the Clerk of the Circuit Court of Walton County. So the executing officers merely did what Judge Fabisinski would have had to do and Judge Fabisinski did not complain of or repudiate their action. Thus, the seized property was placed in custodia legis, in the Circuit Court, and held by the seizing officers subject to the order of either of the Judges of the Circuit Court of Walton County. It was not L.L. Fabisinski as an individual who issued this search warrant, but L.L. Fabisinski as one of the Circuit Judges in and for Walton County.
Section 933.14, Florida Statutes, 1941, F.S.A. further provides that if it appears to the "magistrate or judge before whom thewarrant is returned that the property or papers taken are not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds upon which the warrant was issued, the judge or magistrate may order a return of the property taken." (Italics ours.)
But the next paragraph of section 933.14, Florida Statutes, 1941, F.S.A. says: "No intoxicating liquor seized on any warrant from any place other than a private dwelling house shall be returned, but the same may be held for such other and further proceedings which may arise upon a trial of the cause, unless it shall appear by the sworn petition of the claimant and proof submitted by him that said liquors so seized were held, used or possessed in a lawful manner, and in a lawful place, or by a permit from the proper federal or state authority, the burden of proof in all cases being upon the claimant. The sworn affidavit or complaint upon which the search warrant was issued and the finding of such intoxicating liquor shall constitute prima facie evidence of the illegal possession of such liquor, and the burden shall be upon the claimant for the return thereof, to show that such liquor was lawfully acquired, possessed, held and used."
The county judge, the judge of the county judge's court of Walton County, was not the magistrate or judge before whom the search warrants were returned; and even if he had been, the "motions for judgment and for return of the property seized" were entirely insufficient under the provisions of section 933.14, Florida Statutes, 1941, F.S.A. above quoted from. Aside from that, if the movants in the County Judge's Court had any right whatever to relief, by way of return of the property seized, or otherwise, their remedy was that outlined in said section 933.14, Florida Statutes, 1941, F.S.A.
For the reasons hereinabove stated, the judgment appealed from is reversed, and the cause remanded.
ADAMS, C.J., and TERRELL and CHAPMAN, JJ., concur. *Page 219