OWEN, Judge.
After misdemeanor charges against him for showing obscene films in violation of Fla.Stat. § 847.011(4) (1973) were nolle prossed, appellee-relator sought the return of the films (the subject of the charges) which had been seized by the State. The county court held that it could not return the films until it had had an opportunity to view them in order to determine whether they were obscene and whether they therefore ought to be destroyed in accordance with Fla.Stat. § 847.011(7) (1973), which provides:
“(7) There shall be no right of property in any of the materials, matters, ar- *625 tides, or things possessed or otherwise dealt with in violation of this section, and upon the sezure of any such material, matter, article, or thing by any authorized law enforcement officer the same shall be delivered to and held by the clerk of the court having jurisdiction to try such violation. When the same is no longer required as evidence, the prosecuting officer or any claimant may move the court in writing for the disposition of the same and after notice and hearing, the court, if it finds the same to have been possessed or otherwise dealt with in violation of this section, shall order the sheriff to destroy the same in the presence of the clerk; otherwise, the court shall order the same returned to the claimant if he shows that he is entitled to possession. If destruction is ordered, the sheriff and clerk shall file a certificate of compliance.”
Appellee thereupon filed in the circuit court a suggestion for writ of prohibition. The writ was issued prohibiting the county court from viewing the films on the grounds that, since the case had been nolle prossed, the county court no longer had jurisdiction, and any determination as to the obscenity of the films after the criminal case had been nolle prossed would deny ap-pellee due process of law. We reverse.
Appellee, citing the concurring opinion of Judge Cross in Childers v. State, 277 So.2d 594 (4th D.C.A. Fla.1973), initially contends that once the nolle prose-qui was filed, the information became a nullity and was incapable of conferring jurisdiction on the court. While the entry of the nolle prosequi might have deprived the court of jurisdiction to prosecute this particular defendant, it did not, and could not, deprive the court of its statutorily conferred — per § 847.011(7) — jurisdiction over the evidence.
We think the procedure set out in § 847.011(7) is clear. Upon seizure of any materials alleged to have been possessed or otherwise dealt with in violation of § 847.-011, the same must be delivered to and thereafter held by “the clerk of the court having jurisdiction to try such violation.” When the materials are no longer needed as evidence, either the State or any claimant may move the court for disposition of same. That disposition will rest upon the court’s determination, after notice and hearing, of whether or not the material has been “possessed or otherwise dealt with in violation of this section.”
The Florida Supreme Court has upheld the constitutionality of § 847.011 and specifically determined subsection (7) to be remedial in nature and within the State’s police power. State ex rel. Gerstein v. Walvick Theatre Corp., 298 So.2d 406, 408-9 (Fla.1974). We therefore cannot conclude that its operation as the Legislature intended denies defendant due process of law.
The order granting writ of prohibition is reversed and this cause remanded with directions to dismiss the suggestion for the writ.
WALDEN, C. J., concurs.
MAGER, J., concurring, in part; di« senting, in part.