386 So.2d 43 (1980)
Angel ESTEVEZ, Petitioner,
v.
Jon I. GORDON, Circuit Judge of the Eleventh Judicial Circuit, Respondent.
No. 80-153.
District Court of Appeal of Florida, Third District.
July 22, 1980.
*44 Bierman, Sonnett, Beiley & Shohat, Miami and Benedict P. Kuehne, West Palm Beach, for petitioner.
Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for respondent.
Before BARKDULL, HENDRY and PEARSON, DANIEL, JJ.

ON MOTION FOR REHEARING
PEARSON, DANIEL, Judge.
Angel Estevez has moved for rehearing of this court's denial of his petition for common law certiorari. In his petition, Estevez contended that the trial court departed from the essential requirements of law in ruling that it was without jurisdiction to order the return of money which was seized from Estevez in connection with a criminal case brought against him.
The State's response to Estevez's certiorari petition correctly conceded that the trial court had subject matter jurisdiction to rule upon Estevez's motion for return of property. See Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972); Adams v. Burns, 126 Fla. 685, 172 So. 75 (1936). Its contention, however, was that since Estevez's motion for return of his property was not under oath, the jurisdiction of the trial court was not properly invoked. Estevez replied that the State had not made this contention in the court below.[1]
The contention that Estevez's motion was required to be under oath was based upon the following language from State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla. 3d DCA 1977):
"The true owner of property seized as evidence by the police upon arrest of a defendant in a criminal proceeding may make a sworn application to the judge having trial jurisdiction in the criminal proceeding for the return of such property... ." Id. at 407.
As we pointed out in that case, the procedure (including the sworn application requirement) was that described in Section 812.061, Florida Statutes (1979). That statute, however, deals with an application made by a rightful owner seeking to recover stolen property held as evidence by state, county or municipal authorities. It does not deal with an application made by a criminal defendant from whom property was seized.
The motion in the present case was not one made under the statute. The property which Estevez sought to recover, $2,000 in cash, was seized from him at the time of his arrest on charges of leaving the scene of an accident involving personal injury, battery on a law enforcement officer, carrying a concealed firearm, and possession of a controlled substance.
In Garmire v. Red Lake, supra, the Florida Supreme Court noted that Section 811.201, Florida Statutes (1971), the predecessor to Section 812.061,

*45 "... is not sufficiently broad to cover all situations where items of evidence are held in custodia legis and are sought to be recovered by the true owner, it does serve as an example of procedures which the criminal courts may fashion within their inherent powers to provide necessary procedures and processes for the recovery of evidentiary items held by them." 265 So.2d at 5 (emphasis supplied).
It is clear from both Garmire and Gerstein that the statutory requirement that a motion for return of property be made under oath is procedural only. Even had Estevez's motion been one made under the statute, his failure to comply with this procedural requirement would not affect the court's jurisdiction. But since Estevez's motion was not one envisioned by the statute, any requirement that it be under oath would have had to come from the trial court itself in the exercise of its "inherent powers to provide necessary procedures and processes for the recovery of evidentiary items held by them." Garmire v. Red Lake, supra, at 5. If a failure to comply with the statutory procedure would not affect the court's jurisdiction, then, a fortiori, a failure to comply with a rule made by the trial court would be non-jurisdictional.
The record in the court below does not reflect the existence of any procedural rule imposed by the trial court that the subject motion be under oath. Neither the State nor the trial court raised this issue. Moreover, it is obvious from the record that the trial court's ruling was not based on any procedural defect, but was based solely on its view that it lacked subject matter jurisdiction.[2]
We hold that the trial court had jurisdiction to consider Estevez's motion for return of property. Estevez's motion for rehearing is granted, and our order of May 28, 1980, denying his petition for writ of certiorari is vacated. Since mandamus is the proper procedure to test the correctness of the trial court's determination that it was without jurisdiction, State v. Pearson, 154 So.2d 833 (Fla. 1963); New Hampshire Insurance Co. v. Calhoun, 341 So.2d 777 (Fla. 2d DCA 1976); City of Coral Gables v. Sakolsky, 215 So.2d 329 (Fla. 3d DCA 1968), pursuant to Florida Rule of Appellate Procedure 9.040(c), we treat the petition for writ of certiorari as a petition for writ of mandamus and grant the petition. A peremptory writ of mandamus[3] is hereby issued to the Honorable Jon I. Gordon, Circuit Judge of the Eleventh Judicial Circuit, directing him to exercise his jurisdiction in accordance with this opinion. If the procedures of the trial court so require, it may order that Estevez's motion for return of property be amended so as to be under oath.
Writ of mandamus issued.
NOTES
[1] Since we hold, infra, that the trial court had jurisdiction notwithstanding that Estevez's motion was not made under oath, we need not discuss Estevez's waiver contention. If the State were correct that an unsworn motion renders the trial court without jurisdiction, then the State's untimeliness in raising this objection would be of no consequence. If a court is without jurisdiction, parties cannot, by failing to object, confer jurisdiction upon it. American Home Assurance Company v. Keller Industries, Inc., 347 So.2d 767 (Fla. 3d DCA 1977); Sclafani v. County of Dade, 323 So.2d 675 (Fla. 3d DCA 1975).
[2] The trial judge advised Estevez's counsel that he would have to file a separate suit for replevin or conversion in order to recover his property. Under Garmire, supra, and Adams, supra, that ruling was clearly wrong.
[3] Ordinarily, we would issue an alternative writ of mandamus which would give leave to the State to respond. However, in the present case the State has already availed itself of the full opportunity to respond to the petition for certiorari and has fully briefed the issues upon which we must decide this case. Under such circumstances, we find it unnecessary to call for a further response.