400 So.2d 992 (1981)
Warren Thomas SAWYER, Petitioner,
v.
Honorable Ellen Morphonios GABLE, Judge of the Circuit Court for Dade County, Florida, Respondent.
No. 80-1990.
District Court of Appeal of Florida, Third District.
June 16, 1981.
*993 Donald L. Ferguson, Coconut Grove, for petitioner.
Robert A. Ginsburg, County Atty., and Roy Wood, Asst. County Atty., for respondent.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
As a result of the execution of a search warrant, a Beechcraft airplane and more than one hundred pounds of marijuana secreted therein were seized, and Sawyer was charged with trafficking in this contraband in violation of Section 893.135, Florida Statutes (1979). The criminal case against Sawyer was assigned to the respondent judge. Sawyer moved to suppress the seized evidence. Before the hearing on Sawyer's motion reached its end and could result in a *994 ruling, the State dismissed the criminal charges against Sawyer.[1] Seven days later, Sawyer moved in the dismissed criminal case for the return of the Beechcraft airplane.[2] The respondent judge refused to entertain Sawyer's motion on the grounds that she was without jurisdiction. Sawyer petitioned this court to issue a writ of mandamus directing the respondent to exercise jurisdiction.[3]

I.
The search warrant issued by a Dade County Circuit Court Judge commanded that the persons charged with its execution "return this warrant and bring the property ... before a court having competent jurisdiction of the offense." Pursuant to this directive, the offense being a felony, return was required to be made to the Circuit Court.[4] Under Section 933.14(1), Florida Statutes (1979), jurisdiction to order the return of the seized property became vested in the Circuit Court.[5] That section provides:
"(1) If it appears to the magistrate or judge before whom the warrant is returned that the property or papers taken are not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds upon which the warrant was issued, or if it appears to the magistrate before whom any property is returned that the property was secured by an `unreasonable' search, the judge or magistrate may order a return of the property taken; ..." (emphasis supplied).
It is not clear from the record whether the trial judge doubted her jurisdiction, ab initio, or whether that doubt arose because the criminal case against Sawyer was terminated with the State's nolle prosequi. Therefore, we first address the respondent's jurisdiction ab initio.
Section 933.14(1) provides a mechanism for the expeditious return of property seized pursuant to a search warrant. Chapter 933 provides no statutory procedure for an application or motion seeking return of the property. Implicit, however, in the authority given to the court to order the property's return is the right of the person from whom it was seized to move for its return. Harvey v. Drake, 40 So.2d 214 (Fla. 1949).
It is not, of course, a prerequisite to a motion for return of property that a criminal prosecution be brought following the seizure of the property. Harvey v. Drake, supra; Golding v. Director, Public Safety Department, Metropolitan Dade County, 400 So.2d 990 (Fla. 3d DCA 1981). However, once a criminal prosecution is instituted, the court in which that prosecution is pending acquires jurisdiction over that property to hear and determine all questions concerning its ownership if the property seized has an evidentiary purpose. Garmire v. Lake, 265 So.2d 2 (Fla. 1972). If, on the other hand, the property seized is not held as evidence or no criminal prosecution ensues, then the court to which the warrant and property are returned obtains jurisdiction to order its return. Harvey v. Drake, supra; Golding v. Director, supra.
In the present case, a criminal prosecution has ensued, but the property seized  the airplane  is not being held for use as evidence. Thus, while neither Garmire nor Harvey is precisely on target, the target is bracketed by them. It is clear under Harvey v. Drake, supra, that any circuit judge *995 would have jurisdiction under Section 933.14 to entertain a motion to return the property. We are of the view that the pendency of the criminal case, with which the seizure of the property is inextricably related, and which required the respondent judge to hear and determine matters related to the warrant and the property seized under the warrant, gave to the respondent judge, as in Garmire v. Lake, supra, a priority in jurisdiction. The matter of the respondent's priority jurisdiction does not turn on whether the property seized under the search warrant is being held as evidence in the pending criminal case. Rather, it turns on the fact that the warrant and property, by virtue of the filing of criminal charges, have initially come within the jurisdiction of the respondent judge, which jurisdiction is not to be intruded upon by any court, though of concurrent jurisdiction. Garmire v. Lake, supra; Adams v. Burns, 126 Fla. 685, 172 So. 75 (1936). This rule of law is designed to prevent not only the unseemly result of a court of concurrent jurisdiction ordering the return of property held as evidence, Garmire v. Lake, supra, or held under a writ issued by another court, Adams v. Burns, supra, but, in our view, is designed to prevent inconsistent results which could obtain were one court to rule on a motion to return property and another to rule on a motion to suppress in the criminal case.[6]
Additionally, important considerations of judicial economy compel the same result. In United States v. Wilson, 540 F.2d 1100 (D.C. Cir.1976), the defendant, arrested for possession of narcotics, moved under Federal Rule of Criminal Procedure 41(e)[7] (the Federal analogue to Section 933.14) for return of money seized from his house pursuant to a search warrant. The Government contested the return of the property on the ground, inter alia,[8] that the defendant had available a civil remedy. The District Court rejected the Government's contention, stating:
"Property which is seized in a criminal proceeding either by search warrant or subpoena may be ultimately disposed of by the court in that proceeding or in a subsequent civil action. It makes for an economy of judicial effort to have the matter disposed of in the criminal proceeding by the judge that tried the case." United States v. Wilson, supra, at 1104.
Accord, United States v. Wright, 610 F.2d 930 (D.C. Cir.1979); United States v. Rangel, 608 F.2d 120 (5th Cir.1979); United States v. One Residence and Attached Garage of Anthony J. Accardo, 603 F.2d 1231 (7th Cir.1979); United States v. Premises Known as 608 Taylor Avenue, 584 F.2d 1297 (3d Cir.1978); United States v. Palmer, 565 F.2d 1063 (9th Cir.1977); United States v. LaFatch, 565 F.2d 81 (6th Cir.1977), cert. denied, 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978). Wilson was decided after the 1972 amendment to Rule 41, which, according to the Advisory Committee Note, was intended to require that a motion under the rule be made in the trial court where the criminal action was pending, rather than in the district in which the evidence was seized, a procedure allowed before the amendment. The avowed purpose *996 of the amendment was to further the administration of justice. But even before the amendment, there was little doubt that the district court in which the criminal action was pending had jurisdiction, albeit non-exclusive, to return property as an adjunct to suppression. See DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962) ("only if the motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant can the proceedings be regarded as independent... ."). In our view, the same considerations of judicial economy and consistency that brought about the amendment to Rule 41 compel a holding that the court which has jurisdiction of the criminal offense in which the search warrant will be considered should determine a motion to return the property seized.

II.
We hold further that the termination of the criminal case, here by the entry of a nolle prosequi, did not divest the trial court of jurisdiction to entertain Sawyer's motion for return of property.[9] While concededly neither Section 933.14, Florida Statutes (1979), nor any other statute, confers jurisdiction on the court before which the criminal proceedings are held to return property seized after the termination of the criminal case, that power inheres in the court's jurisdiction over the criminal case. Garmire v. Lake, supra; Estevez v. Gordon, 386 So.2d 43 (Fla.3d DCA 1980). If criminal courts have the inherent power in the absence of a statute to provide for the recovery of evidentiary items held by them, as the Supreme Court said in Garmire, then it is implicit that that power, to be effective, must exist after the termination of the criminal case when the items are no longer needed as evidence. See Jenkins v. State, 41 So.2d 554 (Fla. 1949).[10]See also State ex rel. Gerstein v. Durant, 348 So.2d 405 (Fla.3d DCA 1977); Carlisle v. State ex rel. Smith, 319 So.2d 624 (Fla. 4th DCA 1975).[11]Cf. United States v. Wright, supra; United States v. Palmer, supra; United States v. LaFatch, supra; United States v. Wilson, supra (all holding that under Federal Rule of Criminal Procedure 41(e), the Federal District Court does not lose jurisdiction to return seized property after termination of the criminal case).

III.
Our holding that the respondent judge had jurisdiction over Sawyer's motion for return of property, which was not divested by the termination of the criminal case, is unaffected by the argument advanced on behalf of the respondent that since the State intended to file proceedings to forfeit the aircraft, the respondent *997 lacked jurisdiction to order its return to Sawyer.
The statutory right of the State to bring forfeiture proceedings is clear. See § 943.41, et seq., Fla. Stat. (1979). That inchoate right, however, did not, under the forfeiture statute applicable at the time of the seizure, affect the jurisdiction of the respondent judge to determine Sawyer's entitlement to the return of the property.[12] Had the State instituted forfeiture proceedings, the defendant's right to the return of his property could be asserted therein and adjudicated. In re 1969 Chevrolet Camaro Bearing '75 Massachusetts License Tag No. 372-766, VIN No. 124379N511693, 334 So.2d 82 (Fla.3d DCA 1976). By the same reasoning, we see no impediment to the State asserting its right, if any, to forfeiture in response to Sawyer's motion for return of property.[13]
If, in fact, Sawyer is entitled to the return of his property, to deprive him of its prompt return awaiting the State's unilateral decision to file forfeiture proceedings would be intolerable. It should be obvious that a person who asserts that the State is unlawfully holding his property would be deprived of due process if the law did not afford him a prompt hearing on his assertion.
Section 943.44, Florida Statutes (1979), provides no time limits for the commencement of forfeiture proceedings.[14] We are cognizant that in Mosley v. State ex rel. Broward County, 363 So.2d 172 (Fla. 4th DCA 1978), our sister court held that the limitations period dealing with forfeitures, Section 95.11(3)(n), Florida Statutes (1979), was applicable to proceedings under Section 943.44. That holding may serve to save Section 943.44 from an attack on the ground that no time limit at all is provided, but it is doubtful that a four-year limitation would pass constitutional muster under any decided case. We need not, however, decide this question, since we are of the view that if the movant is provided with a forum within which his right to the property may *998 be immediately determined without regard to the State's action or inaction in instituting forfeiture proceedings, he cannot be heard to object to undue delay on the part of the State.
Accordingly, we grant the petition for writ of mandamus. We deem it unnecessary to issue the writ. We direct the judge now presiding in the respondent's stead in the Criminal Division of the Circuit Court, in and for Dade County, Florida, to exercise jurisdiction over Sawyer's motion for return of property.
NOTES
[1] The record before us reflects that the apparent and commendable reason for the dismissal was the prosecutor's considered opinion that a critical witness, the affiant of the search warrant, was not credible.
[2] The sufficiency of Sawyer's motion is not before us.
[3] The relief sought is proper. Estevez v. Gordon, 386 So.2d 43 (Fla. 3d DCA 1980).
[4] See Golding v. Director, Public Safety Department, Metropolitan Dade County, 400 So.2d 990 n. 3 (Fla. 3d DCA 1981).
[5] The filing of the warrant with the clerk of the Circuit Court is tantamount to making the return to a judge of that court. Harvey v. Drake, 40 So.2d 214 (Fla. 1949). Presumably, if criminal charges are not brought or no motion for return of the seized property is made, the return and the seized property remain in limbo.
[6] The identical issues of the existence vel non of probable cause and unreasonable search are involved in a motion under Section 933.14 and a motion to suppress.
[7] Rule 41(e) provides:

"Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that he is entitled to lawful possession of the property which was illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12."
[8] Pertinent here, see discussion, infra, is that the Government in Wilson also claimed that the termination of the criminal proceeding through the defendant's guilty plea divested the District Court of jurisdiction and that the property was subject to forfeiture proceedings. The District Court also rejected these claims.
[9] In Estevez v. Gordon, supra, we issued a writ of mandamus to the trial court directing it to exercise jurisdiction over Estevez's petition for return of property seized from him at the time of his arrest. Since, as the opinion reflects, the State conceded before us that the trial court had subject matter jurisdiction to rule upon Estevez's motion and challenged only the method employed by Estevez to invoke that jurisdiction, the opinion does not reflect that Estevez's motion for return of property was, in fact, made after the criminal case against him had concluded.
[10] Jenkins was tried and acquitted of breaking and entering and larceny. He petitioned for return of $1,000 which had been seized from him and introduced as evidence at his trial. The trial court denied the petition. He appealed to the Supreme Court. The Supreme Court dismissed the appeal, ex mero motu, for lack of jurisdiction. Three justices dissented, pointing out that although the majority was correct that the denial of the petition seeking return of money used in evidence was not technically appealable, the court should have treated the appeal as a petition for certiorari. Important for our purposes is that the dissenters said, "when property is received in evidence by a trial court and the accused is acquitted, the trial court has inherent power to make proper disposition of the property. The question involved is one of proper exercise of jurisdiction."
[11] Durant and Carlisle were decided under Section 812.061, Florida Statutes (1975) (authorizing the return of stolen property to the rightful owner), and Section 847.011, Florida Statutes (1973) (authorizing the return of seized non-obscene materials), respectively. Neither statute explicitly confers jurisdiction on the trial court to enter such an order after the termination of the criminal case, but that power is implicit in both.
[12] The seizure in the present case occurred in January 1980; the abortive hearing on Sawyer's motion to return, in May 1980. Effective July 1, 1980, Section 943.43, Florida Statutes (1980), was amended to provide that in the case of property subject to forfeiture, "[n]either replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act." Assuming, without deciding, that under the current statute a motion to return forfeitable property no longer lies, and that return of such property can only be accomplished in an unsuccessful forfeiture action, we hold that the amended statute does not apply to seizures antedating July 1, 1980.
[13] As we have held, supra, the Circuit Court has jurisdiction over Sawyer's motion for return of property and, by Section 943.44, jurisdiction over forfeiture proceedings. We note also that the legality of the search and seizure of the aircraft, an issue under Section 933.14(1), is an issue as well in forfeiture proceedings in which the exclusionary rule applies. In re 1972 Porsche 2-door, '74 Florida License Tag 1D91780, VIN No. 9111200334, 307 So.2d 451 (Fla.3d DCA 1975); One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 65 S.Ct. 1246, 14 L.Ed.2d 170 (1970).
[14] The 1980 version, although requiring that the State Attorney "promptly proceed" with forfeiture, provides no time limits. See § 943.44, Fla. Stat. (1980). The failure of a state forfeiture statute to provide such time limits has been held to be an unconstitutional denial of due process. Teitel Film Corporation v. Cusack, 390 U.S. 139, 88 S.Ct. 754, 19 L.Ed.2d 966 (1968); Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965). In United States v. Thirty-Seven Photographs, 402 U.S. 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 (1971), constitutional objections to a Federal Statute [19 U.S.C. § 1305 (a)], which provided for no forfeiture time limits, were obviated only when the court engrafted on the statute time limits of fourteen days to institute the proceedings and sixty days to complete the proceedings, limits regularly observed by the Government. While what constitutes an unreasonable delay in instituting forfeiture proceedings so as to violate due process varies, see Commonwealth v. One 1976 Cadillac DeVille Automobile, ___ Mass. ___, 403 N.E.2d 935 (1980), and cases collected at nn. 15 and 16, delays of twenty-two months, United States v. A Quantity of Gold Jewelry, 379 F. Supp. 283 (C.D.Cal. 1974); thirteen and one-half months, United States v. One 1971 Opel G.T., 360 F. Supp. 638 (C.D.Cal. 1973); twelve and one-half months, United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir.1975); and eight and one-half months, United States v. One Douglas A-26B Aircraft, 436 F. Supp. 1292 (S.D.Ga. 1977), have been condemned.