400 So.2d 990 (1981)
Sheldon GOLDING, Petitioner,
v.
DIRECTOR OF the PUBLIC SAFETY DEPARTMENT, METROPOLITAN DADE COUNTY, Respondent.
No. 79-2088.
District Court of Appeal of Florida, Third District.
June 16, 1981.
Golding & Wagenheim, Richard L. Wagenheim and Mark Pearlman, Fort Lauderdale, for petitioner.
Robert A. Ginsburg, County Atty., and Ralph C. Rocheteau, Asst. County Atty., for respondent.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
*991 DANIEL S. PEARSON, Judge.
In October 1979, a search warrant describing the property to be seized as narcotics was issued by a judge of the Circuit Court in and for Dade County, Florida. Officers of the Dade County Public Safety Department searched the described premises, a locker at Miami International Airport, and seized an attache case containing $201,500 in United States currency and a raincoat. Shortly thereafter, Golding filed a motion in the Criminal Division of the Circuit Court seeking the return of the property under Section 933.14, Florida Statutes (1979). The trial court denied the motion, stating that Golding's exclusive remedy was an action in replevin, since there was no criminal action pending before the court arising out of the seizure. Golding appealed. Pursuant to Florida Rule of Appellate Procedure 9.040(c), we treat Golding's appeal as a petition seeking a writ of mandamus.[1]
In Harvey v. Drake, 40 So.2d 214 (Fla. 1949), a circuit court judge issued a search warrant returnable to the circuit court describing certain premises in Walton County as containing illegal alcoholic beverages. A seizure was made, but no criminal charges were brought. The owners of the premises moved for return of the property seized before a county judge who would have had jurisdiction over the misdemeanor offense of possession of the beverages, the highest criminal charge which could have been brought. The Florida Supreme Court, on an appeal by the Department of Beverages from a denial of a writ prohibiting the county judge from exercising jurisdiction, held that motions for the return of property are controlled by Section 933.14, Florida Statutes (1941),[2] which gives jurisdiction to "the magistrate or judge before whom the warrant is returned," which in Harvey, by the terms of the warrant, was the circuit court.[3]
Three propositions pertinent to the present case emerge from Harvey v. Drake, supra: first, movants seeking return of property seized under a warrant have as an available remedy a motion under Section 933.14, quite apart from an action for replevin[4]; second, the court before which the warrant is returned has jurisdiction to entertain this motion[5]; third, the filing of criminal charges is not a prerequisite to *992 relief under Section 933.14. We conclude, therefore, that the Criminal Division Judge of the Circuit Court to whom Golding's motion was assigned had jurisdiction to grant the relief sought in the motion.
The County[6] has brought to our attention that subsequent to Golding's appeal, he instituted a replevin action in the Circuit Court seeking the return of this same property. The County suggests that this moots the issues before us. We disagree. To be sure, the relief Golding seeks here is our mandate requiring the Circuit Court to exercise jurisdiction which, in respect to Golding's replevin action, the Circuit Court has done.[7] But in our view, Golding is entitled to have the Circuit Court exercise jurisdiction, which it has refused to do, over his distinct and separate motion for return of property. Thus, the issue before us is not moot. Golding was entitled to seek the expeditious remedy afforded by Section 933.14.[8] He attempted to avail himself of this remedy. The less expeditious procedures involved in an original civil action of replevin are hardly an adequate substitute for one seeking the immediate return of seized property. See generally Sawyer v. Gable, 400 So.2d 992 (Fla.3d DCA 1981). Merely because Golding, as a result of the trial court's refusal to accept jurisdiction, was left with the Hobson's choices of replevin and appeal and chose both, does not disentitle him to review. Our refusal to decide the case before us on mootness grounds would sanction the trial court's wrongful refusal to exercise jurisdiction and penalize Golding for his impatience, when in fact the remedy which he was entitled to utilize under Section 933.14, and which he was deprived from utilizing, was precisely designed to accelerate the return of seized property to justifiably impatient movants.
Accordingly, having treated this appeal as a petition seeking a writ of mandamus, we grant the petition. We deem it unnecessary to issue the writ. We direct the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, to exercise its jurisdiction over Golding's motion for return of property.[9]
NOTES
[1] Golding apparently perceived the trial court's order as determining that he did not have a right to immediate possession of the property, making the order appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). But the trial court obviously did not rule on the merits of his claim. Instead, it held that in the absence of a pending criminal case, it was without jurisdiction to hear the motion. Accordingly, we hold that appeal does not lie. However, since Florida Rule of Appellate Procedure 9.040(c) authorizes us to treat the cause as if proper remedy had been sought, we treat this appeal as a petition for writ of mandamus. See Estevez v. Gordon, 386 So.2d 43 (Fla.3d DCA 1980).
[2] Section 933.14, under consideration in Harvey v. Drake, was substantially the same in 1941 as the 1979 version involved in the present case.
[3] The search warrant in the present case was, unlike that in Harvey, returnable before "a court having competent jurisdiction of the offense." The offense, as described in the warrant, was a felony which, at least presumptively, made the warrant returnable in the Circuit Court. The use of the language "a court having competent jurisdiction of the offense" would undoubtedly create jurisdictional confusion where the offense described in the warrant is a felony, but the offense ultimately and actually charged is a misdemeanor over which the county court has jurisdiction. We need not here resolve that issue.
[4] See, however, Section 943.43, Florida Statutes (1980), effective July 1, 1980, providing, in the case of forfeitable property, that "[n]either replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act." The currency involved in the present case was not at the time of its seizure forfeitable, see n. 8, infra, and the act would not, in any event, retroactively apply to this case. See Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981).
[5] The fact that Golding's motion was filed in the Criminal Division of the Circuit Court is not a jurisdictional defect. As we recently held, every judge of the Circuit Court possesses the full jurisdiction of that court; the various divisions operate for the convenience of the litigants and administrative efficiency of the courts. Maugeri v. Plourde, 396 So.2d 1215 (Fla.3d DCA 1981). If the Criminal Division Judge considered this matter to be one cognizable in the General Jurisdiction Division, he could have effected its transfer.
[6] We permitted the County, representing the Dade County Public Safety Department, the apparent custodian of the money, to intervene in this court and be substituted for the State as appellee.
[7] We further note that Golding's replevin action has apparently been held in abeyance awaiting the outcome of this appeal, and he has not, as of this time, been afforded relief. While generally we do not consider events occurring after the trial court enters the order under review, we may do so when mootness is suggested and to best subserve the ends of justice. Aurora Enterprises, Inc. v. State of Florida, Department of Business Regulation, 395 So.2d 604, 606 n. 7 (1981).
[8] The merits of Golding's claim under Section 933.14, Florida Statutes (1979), are not before us. We note that the property was seized and Golding's claim arose and was filed before the amendment effective July 1, 1980, to the Florida Contraband Forfeiture Statute, Sections 943.41-44, Florida Statutes (1980). While the State has not suggested that it has any intention to bring forfeiture proceedings, compare Sawyer v. Gable, supra, prior to July 1, 1980, money was not forfeitable. See Baker v. State, 343 So.2d 622 (Fla.4th DCA 1977).
[9] We leave it to the Circuit Court to administratively resolve any problem posed by the fact that there is pending a replevin action involving the same property.