BASKIN, Judge
(dissenting).
After the trial court entered an order granting return of their money, defendants assigned to their attorney as his legal fee their interest in the $68,000 taken from them when they were arrested. Three days later, when defendants failed to return from lunch for the conclusion of a hearing on their motions to suppress in their pending criminal case, the trial court issued an alias capias and ordered the money to be returned to the court registry by defendants’ newly substituted counsel. Defense counsel filed a Notice of Attorney’s Charging Lien and another Motion for Return of Property. After conducting a hearing, the trial court denied the Motion for Return of Property but recognized the validity of the charging lien. While proceedings were pending in this court on defense counsel’s Petition for Writ of Prohibition or in the Alternative Certiorari, the state instituted forfeiture proceedings.
Because I find the trial court lacked authority to require defense counsel to return the money after the court released the funds to him,[1]1 would treat the petition as a request for mandamus and grant the petition. Estevez v. Gordon, 386 So.2d 43 (Fla. 3d DCA 1980); see Garmire v. Red Lake, 265 So.2d 2 (Fla.1972). There is nothing in the record to suggest that counsel was subject to a fine or any other punishment by the court.

. Our recent opinion in Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981) does not dictate denial of this petition. We ruled that the trial court in Sawyer had jurisdiction to decide the property question. There, the trial judge refused to exercise jurisdiction. Here the court recognized it had jurisdiction, but after it ordered the money returned to defense counsel, the court lacked authority to retrieve the funds.