Mr. James H. Hicks Attorney for Palm Beach County Sheriff's Office 1645 Palm Beach Lakes Boulevard Florida National Bank Tower, Suite 490 West Palm Beach, Florida 33401
Dear Mr. Hicks:
You ask on behalf of the Palm Beach County Sheriff's Office substantially the following question:
 When personal property (except firearms) which is either allegedly stolen or narcotics-related is seized by the sheriff during the search of a premises and no persons present thereon are arrested, what disposition may be made of the seized property?
In sum, I am of the opinion that:
 Unclaimed personal property seized by a sheriff during execution of a search warrant may be retained for use by the sheriff's department only if such retention is authorized by statute. If the property is contraband it may be forfeited pursuant to Ch. 932, F.S. Unclaimed evidence may be retained by the seizing agency pursuant to s. 705.105, F.S. The rightful owner of certain personal property, including cash, may reclaim it pursuant to s. 812.061, F.S. A criminal defendant may reclaim seized property pursuant to s. 933.14, F.S. Unclaimed personal property shall be disposed of pursuant to s. 705.105, F.S.
Your inquiry concerns the execution by the sheriff's office of search warrants on cocaine "crack" houses and confiscation of televisions, VCRs, and other property. This property is apparently stolen as it is stacked and not in use. However, such property is not reported stolen and none of the occupants of the "crack" house claims the property as his or hers. You indicate also that, on occasion, quantities of unclaimed currency are similarly confiscated.
The following general comments are made to provide direction and guidance to the sheriff. However, no attempt is made to address every situation which may arise regarding the disposition of seized property.
As a preliminary matter, it appears that the type of property you have described may not be seized unless (1) the property is described with particularity in the search warrant, or (2) the property falls within the plain view exception to the warrant requirement as evidence of crime lawfully encountered.[1]
If property is seized merely for "safe keeping" or "further identification" it is likely that probable cause to seize the property is lacking in the first place.[2] In addition, if property seized is believed to be stolen but is not identified as belonging to any specific persons, "[i]t is difficult to legally support a conclusion that . . . property is stolen. . . ."[3]
If personal property seized during the execution of a search warrant is contraband as defined in s. 932.701, F.S., as amended by Ch. 89-148, Laws of Florida,[4] it may be forfeited pursuant to ss. 932.703 and 932.704, F.S., as amended, supra. In order for an article to be contraband and thus subject to forfeiture, there must be some nexus between the use of the property and the prohibited criminal conduct beyond remotely incidental use. For example, currency may be contraband if it is shown that there is a nexus between the currency and narcotics trafficking.[5] The agency seeking forfeiture is obligated to establish by competent evidence the use of the property in a criminal venture. Persons having an interest in the property are entitled to basic due process rights, including reasonable notice and an opportunity to be heard, before their rights in the property can be cut off.[6]
If the rightful owner seeks to recover stolen money or a motor vehicle and held as evidence by the state, county or municipal authorities, application for the return of said property should be through the procedure outlined in s. 812.061, F.S.[7] However, if a criminal defendant seeks to recover property seized from him in connection with a criminal case brought against him, no separate suit for replevin or conversion is necessary. The trial court has the inherent power to fashion the necessary procedures and processes for the recovery of evidentiary items held in custodia legis.[8]
The trial court has jurisdiction under s. 933.14, F.S., to entertain a motion to return property seized pursuant to a search warrant.[9]
Unclaimed monies collected by the sheriff's office in its official capacity may be returned to the person claiming an interest in such funds if application is made pursuant to s. 116.21, F.S., by making a written claim with the sheriff or the clerk of the court of the county having custody of such funds.[10] Section 116.21, F.S., also governs the disposition of unclaimed monies if no return is sought.
Finally, the disposition of personal property seized by a sheriff which is not claimed and is not forfeitable as contraband appears to be governed by s. 705.105, F.S. That section states that title to unclaimed evidence shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding. The agency may thereafter elect to either retain, transfer, donate, or sell the property.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Coolidge has recently been clarified by the U.S. Supreme Court in Arizona v. Hills, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). In Hills, the Court held that a seizure based upon the plain view exception must be supported by probable cause. 107 S.Ct. at 1153.
[2] Perez v. State, 521 So.2d 262 (2 D.C.A.Fla., 1988).
[3] Attorney General Opinion 65-27.
[4] As used in the Florida Contraband Forfeiture Act "contraband article" means:
 (a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893. (b) Any gambling paraphernalia, lottery tickets, money, and currency used or intended to be used in the violation of the gambling laws of the state. (c) Any equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state. (d) Any motor fuel upon which the motor fuel tax has not been paid as required by law. (e) Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research negotiable instruments, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act. (f) Any real property or any interest in real property which has been or is being employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act.
[5] See, e.g., Lobo v. Metro-Dade Police Department, 505 So.2d 621
(3 D.C.A.Fla., 1987), Hoover v. State ex rel. Eagan, 409 So.2d 123
(5 D.C.A.Fla., 1982).
[6] Doersam v. Brescher, 468 So.2d 427 (4 D.C.A.Fla., 1985).
[7] Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972); Estevez v. Gordon, 386 So.2d 43 (3 D.C.A.Fla., 1980).
[8] Id.
[9] Sawyer v. Gable, 400 So.2d 992 (3 D.C.A.Fla., 1981); Golding v. Director of Public Safety Etc., 400 So.2d 990 (3 D.C.A.Fla., 1981); Moore v. State, 533 So.2d 924 (2 D.C.A.Fla., 1988). Cf., AGO 65-27.
[10] Pattmon v. State, 512 So.2d 951 (2 D.C.A.Fla., 1987).