SCHWARTZ, Chief Judge.
The trial judge denied the appellant’s motion for the return of firearms admittedly owned by him which had been seized pursuant to a search warrant issued in connection with a subsequently nolle prossed action against his son. The basis for the ruling was the conclusion that the motion, filed approximately one year after the nolle prosse, was untimely as in violation of the six month period for the reclamation of seized weapons provided by section 790.08(5), Florida Statutes (1989). This was error. Section 790.08[1] deals with fire *407 arms taken from an arrested person, used in the commission of an armed felony, or which had been abandoned or discarded. It has utterly no application to this case. The present situation is instead governed by section 933.14(3), which provides as follows:
No pistol or firearm taken by any officer with a search warrant or without a search warrant upon a view by the officer of a breach of the peace shall be returned except pursuant to an order of a circuit judge or a county court judge.
See Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981). Unlike section 790.08(5), this provision has no specific time limitation. Since, even assuming the existence of such a requirement,[2] there is no question that the motion was filed within a reasonable time, and there is no other basis for denying the relief sought, the order under review is reversed with directions to grant the motion.
Reversed.

. Section 790.08(1-5) provides:
790.08 Taking possession of weapons and arms; reports; disposition; custody.—
(1) Every officer making an arrest under the preceding section, or under any other law or municipal ordinance within the state, shall take possession of any weapons, electric *407 weapons or devices, or arms mentioned in the preceding section found upon the person arrested and deliver them to the sheriff of the county, or the chief of police of the municipality wherein the arrest is made, who shall retain the same until after the trial of the person arrested.
(2) If the person arrested as aforesaid is convicted of violating s. 790.07, or of a similar offense under any municipal ordinance, or any other offense involving the use or attempted use of such weapons, electric weapons or devices, or arms, such weapons, electric weapons or devices, or arms shall become forfeited to the state, without any order of forfeiture being necessary, although the making of such an order shall be deemed proper, and such weapons, electric weapons or devices, or arms shall be forthwith delivered to the sheriff by the chief of police or other person having custody thereof, and the sheriff is hereby made the custodian of such weapons, electric weapons or devices, and arms for the state.
(3) If the person arrested as aforesaid is acquitted of the offenses mentioned in subsection (2), the said weapons, electric weapons or devices, or arms taken from him as aforesaid shall be returned to him; however, if he fails to call for or receive the same within (60) days from and after his acquittal or the dismissal of the charges against him, the same shall be delivered to the sheriff as aforesaid to be held by him as hereinafter provided. This subsection shall likewise apply to persons and their weapons, electric weapons or devices, or arms who have heretofore been acquitted or the charges against them dismissed.
(4) All such weapons, electric weapons or devices, and arms now in, or hereafter coming into, the hands of any of the peace officers of this state or any of its political subdivisions, which have been found abandoned or otherwise discarded, or left in their hands and not reclaimed by the owners shall, within 60 days, be delivered by such peace officers to the sheriff of the county aforesaid.
(5) Weapons, electric weapons or devices, and arms coming into the hands of the sheriff pursuant to subsections (3) and (4) aforesaid shall, unless reclaimed by the owner thereof within 6 months from the date the same come into the hands of the said sheriff, become forfeited to the state, and no action or proceeding for their recovery shall thereafter be maintained in this state.

. But see 51 Am.Jur.2d Limitation of Actions §§ 1, 9, at 597 (1970) ("[W]here there is no statute of limitations applicable to the case there can be no default rising from mere lapse of time.’’); 54 CJ.S. Limitation of Actions § 35 (1987).