613 So.2d 569 (1993)
Wayne Elliot BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04416.
District Court of Appeal of Florida, Second District.
February 5, 1993.
*570 PER CURIAM.
Wayne Brown appeals the denial of his "motion for the return of property."
The motion alleges that Brown was arrested on felony charges in 1989. In conjunction with the arrest his automobile was forfeited and his apartment searched. Among the items seized were a weightlifting belt, personal papers, an attache case, and "plaintiff's application to the Florida Bar." Brown asserts that none of these possessions was relevant to his criminal charges. The Tampa Police Department, in its response to the motion, acknowledged seizure of an attache case from Brown's apartment, and stated they would return it if ordered to do so. However, the department disclaimed knowledge of any items taken from Brown's car.
When a trial court has assumed jurisdiction over criminal charges, it is thereafter vested with an inherent power to assist the true owner in the recovery of property held in custodia legis. Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972). This power has been extended to situations such as that depicted in the present case, viz., where property has been seized from a criminal suspect. Estevez v. Gordon, 386 So.2d 43 (Fla. 3d DCA 1980). A separate suit for replevin or conversion is not necessary. Estevez, 386 So.2d at 45 n. 2.
Our court has not written extensively about this inherent power. We would require the movant to allege that the property was exclusively his or her own, that it was not contraband or the fruit of criminal activity, and that it was not being held as evidence or by similar lawful justification. Upon receipt of a facially sufficient motion the trial court is obligated to exercise this inherent jurisdiction, and relief by mandamus may be available in the event it does not. Estevez.[1]
We find that Brown's motion is facially sufficient. Moreover, we find no justification for the trial court's refusal to direct the return of the attache case and other items which the Tampa Police Department admits holding and is willing to relinquish. Cf. Jones v. Coe, 579 So.2d 905 (Fla. 2d DCA 1991). Accordingly, we reverse this portion of the trial court's order and direct the court to exercise its inherent power and enter an order requiring the return of those items to Brown. We withhold formal issuance of a writ of mandamus.[2]
*571 The property allegedly taken from Brown's automobile presents a more problematic situation. The effect of this portion of the trial court's order is similar in principle to the granting of summary judgment while disputed facts remain unresolved. The decision in Coon v. State, 585 So.2d 1079, 1081 (Fla. 1st DCA 1991), indicates a defendant should receive an evidentiary hearing when asserting "that the state is unlawfully holding his property."
While we agree that Brown is entitled to a hearing, again, the published case law is not abundant regarding the extent of such a hearing. In the absence of a formal complaint, we believe the trial court's inherent power would allow it to resolve such questions as whether enumerated items were, in fact, seized, and whether a valid basis exists to permit their retention by authorities. Accordingly, we also reverse this portion of the trial court's order and direct further inquiry into the whereabouts of the items allegedly taken from Brown's automobile. Whether the inquiry should be more extensive than this, or the available remedy broader than an order to return, is debatable. Certainly the court cannot make the police department return property it does not possess. Conceivably Brown might at some point be able to establish that property was lost or damaged through some fault of the department, entitling him to money damages. In this instance, however, we would require an original action pursuant to the rules of civil procedure.
Reversed.
DANAHY, A.C.J., and HALL and PATTERSON, JJ., concur.
NOTES
[1] In Estevez the court refused to entertain the motion. Where a court erroneously declines to accept or exercise jurisdiction, mandamus may lie. See, e.g., State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla. 1963). Had the court ruled on the merits of Estevez's motion, the proper remedy would have been an appeal pursuant to Fla.R.App.P. 9.130(a)(3)(C)(ii). Golding v. Director of Public Safety Department of Metropoilitan Dade County, 400 So.2d 990 (Fla. 3d DCA 1981).
[2] Because the attache case was seized pursuant to a search warrant, Brown arguably should have applied to the magistrate before whom the warrant application was made. § 933.14, Fla. Stat. (1991). However, in view of the department's concession that it holds and is willing to return the attache case, we believe any technical deficiencies in Brown's pro se pleading can be overlooked. In any event it is doubtful that section 933.14 constitutes the sole remedy available to Brown. See Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991).