PER CURIAM.
During the early part of 1993, the appellant was arrested and informations were filed against him for various criminal actions in both the Broward and Dade circuit courts. At one point after he had been convicted of one information in the Dade Circuit Court, the appellant requested the judge to return certain property taken from him by the City of Miami police officers and/or impounded in Dade County or by the State of Florida. The trial judge advised the appellant to await the disposition of all of the cases and then to file a motion for the return of his property other than contraband. The appellant followed that procedure and thereafter filed his motion. However, the motion was never ruled upon. After waiting five years for a decision, the appellant sought a writ of mandamus, causing the court to finally rule that he was entitled to the property.
Nonetheless, the property was not returned. The appellant claims that he sought the property from the custodian of property in Dade County, as well as the City of Miami, to no avail. He again sought relief from the circuit court. This time, however, the State interposed the objection that the claim was barred by the sixty day limitation period of section 705.105, Florida Statutes (2000) (providing that title to unclaimed evidence or personal property lawfully seized pursuant to a lawful investigation shall vest permanently in the law enforcement agency sixty days after the conclusion of the proceeding). We agree with the appellant that in light of the evidence of his initial timely request for the return of his property and his subsequent compliance with the court’s instructions, the instant claim should not be deemed barred as untimely. Moreover, we disagree with the State’s assertion that the criminal court was not the proper forum for the claim at issue.
Initially, if any of the appellant’s property was taken under proceedings emanating out of the Broward Circuit Court, his remedy for the return of that property should be directed there. In the present case, however, it seems that the property that has already been determined to belong to the appellant was within the purview of the Criminal Division of the Dade Circuit Court. The reason why jurisdiction is vested with that court is ex *423 plained by Judge Daniel S. Pearson in Sawyer v. Gable, 400 So.2d 992, 994 (Fla. 3d DCA 1981), wherein he observed: “[i]f ... the property seized is not held as evidence or no criminal prosecution ensues, then the court to which the warrant and property are returned obtains jurisdiction to order its return.”
As noted in Sawyer, the matter of jurisdiction “turns on the fact that the warrant and property, by virtue of the filing of criminal charges, have initially come within the jurisdiction of the respondent judge, which jurisdiction is not to be intruded upon by any court, though [a claim] of concurrent jurisdiction.” Id. at 995. This rule is designed to prevent the unseemly result of inconsistent rulings by courts of concurrent jurisdiction. Id.
In the instant case, because it seems that the property cannot be located, and the motion for the return of the property nonetheless appears to be in the nature of an action for replevin, the appellant may seek a money judgment for the damages caused by the taking. While the City of Miami and the Dade County Sheriffs office or clerk of the Eleventh Judicial Circuit are all in the purview of the orders entered by the circuit judge of the Criminal Division, on the going down of our mandate notice should be given to all of the parties from whom the appellant seeks his money judgment, and the matter should be set for an evidentiary hearing as to the value of the property.
Reversed and remanded.