IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROBERT D. DOUGLAS,

      Appellant,

 v.                                                                                   Case No.  5D16-3847

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE AND
CUSTODIAN FOR HSBC, BANK USA,
NA ACE 2006-NCI AND HOLLY
DOUGLAS,

      Appellees.

_____/

Opinion filed October 6, 2017

Non-Final Appeal from the Circuit Court
for Flagler County,
John Roger Smith, Senior Judge.

Robert D. Douglas, Palm Coast, pro se.

Michael D. Starks, of Greenberg Traurig,
P.A., Orlando, and Patrick G. Broderick and
Jason H. Okleshen, of Greenberg Traurig,
P.A., West Palm Beach, for Appellee
Deutsche Bank.

Holly Douglas, Ormond Beach, pro se.

PER CURIAM.

      Over the objection of Robert Douglas, a defendant below, the trial court ordered

the appeal bond in dispute to be returned to co-defendant, Holly Douglas.  Although the

bond was posted in Holly's name, Robert argued, *inter alia*, that he had provided the

funds for the bond and that Holly had subsequently assigned her interest in the bond to him. Robert's request for an evidentiary hearing was denied. We treat the notice of appeal as a motion seeking review of an order determining entitlement to an appeal bond, *see* Florida Rule of Appellate Procedure 9.310(f), and reverse.

Although the rule provides no guidance to trial courts for resolving competing claims to appeal bonds, we conclude that the trial court should have afforded an evidentiary hearing to Robert, a party to the underlying action, rather than require him to file an independent action. *See, e.g.*, *Brown v. State*, 613 So. 2d 569, 570 (Fla. 2d DCA 1993) (finding that court had inherent power to assist true owner in recovery of property held *in custodia legis*; separate suit for replevin or conversion was not necessary). On remand, the trial court is to hold an evidentiary hearing to determine if Robert was entitled to receive the funds posted for the appeal bond in question.

REVERSED and REMANDED.

TORPY, EVANDER and EDWARDS, JJ., concur.